COMMONWEALTH of Pennsylvania,
Appellee,

v.

Kalee HILL, Appellant.

COMMONWEALTH of Pennsylvania,
Appellee,

v.

Kalee HILL, Appellant.

Superior Court of Pennsylvania.

Submitted March 11, 2013.
Filed April 10, 2013.

Earl D. Raynor, Jr., Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for appellee.

BEFORE: STEVENS, P.J., WECHT, J., and COLVILLE, J.*

OPINION BY STEVENS, P.J.

Kalee Hill (hereinafter "Appellant") appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on October 26, 2011, at which time he was sentenced to an aggregate term of thirty-five (35) years to seventy (70) years in prison following his open guilty plea to three counts of Aggravated Assault and to one count of Persons not to possess, use, manufacture, control, sell or transfer firearms.[1] Upon our review of the record, we vacate and remand for resentencing?[2]

This matter arises following Appellant's entry of an open guilty plea on August 24, 2011, to the aforementioned crimes which occurred on June 12, 2011. On that date at approximately 9:45 p.m., Appellant was standing near a busy intersection in Philadelphia during which time a car circled the block prior to slowing down in front of

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. § 2702; 18 Pa.C.S.A. § 6105, respectively.

2. Appellant also was sentenced to a consecutive term of four (4) years to eight (8) years in prison for a probation violation. This aspect of his sentence is at issue in a separate appeal.

him. N.T., 10/26/11, at 18. Appellant took out a gun and opened fire at the vehicle. *Id.* Mr. Raymond Erwin, who was speaking with a friend nearby, was struck by a stray bullet fired from Appellant's gun as was Ms. Mimine Hein, a young woman who was nine months pregnant and in the vicinity to pick up her husband and daughter. *Id.* at 10. The Commonwealth acknowledged that the shooting of Mr. Erwin and Ms. Hein was unintentional, though it also stressed that this did not mitigate the crimes he had committed. *Id.* at 20–21.

Mr. Erwin testified that as a result of the injuries he sustained in the shooting, he had a gastronomy tube implanted for one year, had undergone three surgeries prior to the date of sentencing, and had a fourth surgery scheduled for November 15, 2011. *Id.* at 7. Ms. Hein testified that she had been shot in her left arm which rendered her unable to lift it. As a result, she is no longer able to work in the field of hair braiding. *Id.* at 11.

A sentencing hearing was held on October 26, 2011, after which the sentencing court imposed consecutive sentences of ten (10) years to twenty (20) years in prison for each of the Aggravated Assault counts followed by a consecutive sentence of five (5) years to ten (10) years in prison on the firearms charge.

On November 3, 2011, Appellant filed his Motion for Reconsideration of Sentence, and the sentencing court denied the same on November 10, 2011. Appellant filed a timely notice of appeal.

On January 17, 2012, Appellant filed his 1925(b) Statement of Questions Presented, and in his brief Appellant raises the following questions for our review:

1. Whether the lower court abused its discretion in imposing [a] maximum aggregate sentence of thirty-five (35) to seventy (70) years, for three counts of Aggravated Assault, 18 Pa. C.S.A. Section 2702, and one count of Persons not to Possess Firearm, 18 Pa.C.S.A. 6105, which was significantly higher than the maximum aggravated sentence recommended by the sentencing guidelines, contrary to the fundamental norms of sentencing and inconsistent with the objectives of the sentencing code, where the sentence was manifestly excessive in light of criminal conduct at issue in the case, and the sentence was not consistent with the protection of the public or the rehabilitative needs of Appellant, who articulated remorse at his sentencing hearing?

2. Whether the lower court abused its discretion in denying Appellant's application for continuance of sentencing hearing, in order for the court to obtain complete mental health evaluation, and instead proceeded to sentencing, without stating adequate reasons for the omission?

Brief for Appellant at 7 (emphasis in original).[3]

■■■ Appellant's guilty plea does not bar these discretionary sentencing challenges, because there was no agreement as to the sentence Appellant would receive. *See Commonwealth v. Ritchey,* 779 A.2d 1183, 1185 (Pa.Super.2001) (acknowledging precedent that where there are no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude

**3.** We note with displeasure that despite this Court's *Per Curiam* Order of January 2, 2013, wherein the Commonwealth's petition for an extension of time in which to file a brief was granted until February 19, 2013, and we stated no further extensions would be granted, the Commonwealth did not file its brief until March 11, 2013.

a subsequent challenge to the discretionary aspects of sentencing). Accordingly, we will consider his issues in turn and in doing so apply the following standard of review:

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits. *Commonwealth v. Ahmad,* 961 A.2d 884, 886–87 (Pa.Super.2008) (citations, quotation marks and footnote omitted).

*Commonwealth v. Brooks,* 2013 WL 66474, at *3 (Pa.Super. Jan. 7, 2013) (italics in original). In addition, in *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617, 627–28 (2002) (plurality), our Supreme Court stated that a claim a sentence which is within the statutory limits is excessive can raise a substantial question.

This does not mean, however, that the Superior Court must accept bald allegations of excessiveness. Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Id.* at 627; *see also Commonwealth v. Reynolds,* 835 A.2d 720, 733 (Pa.Super.2003) (concluding that bald allegations presented in Appellant's Rule 2119(f) statement do not present a substantial question).

*Commonwealth v. Trippett,* 932 A.2d 188, 202 (Pa.Super.2007).

■ Herein in his Petition for Reconsideration of Sentence, Appellant set forth the following reasons for reconsideration:

(a) [Appellant] pled guilty open to the charges saving the Commonwealth time and money.

(b) At sentencing [Appellant] expressed remorse to the two injured civilians.

(c) When arrested [Appellant] told detectives that he was shooting at a car that stopped in front of [Appellant] because he was in fear of his life.

(d) Prior to shooting at the car, [Appellant] told a female neighbor to go inside to protect her. This indicates that [Appellant] did not want to injure or put in harm's was anyone other than the people in the car.

(e) At sentencing Assistant District Attorney Davis requested a sentence of 17 1/2 –35 years.

(f) The sentencing guidelines OGS 11 and PRS 5 recommend a sentence of 90 to 108 months. This includes the Deadly Weapon Enhancement (DWE).

(g) The pre-sentence report was available on the sentencing date but the Mental Health Evaluation was not. The forthwith Mental Heal[th] Evaluation ordered on October 26, 2011 was not sufficient for sentencing. In fact, the Mental Health Evaluation stated two times that a "full evaluation will follow."

Appellant's Petition for Reconsideration of Sentence at ¶ 5(a)-(h). Also, Appellant's appellate brief contains the requisite Rule 2119(f) concise statement. In that statement, Appellant submits that the sentencing court sentenced him outside of the sentencing guidelines and the sentence is unreasonable. He also avers the sentence was manifestly excessive in light of the criminal conduct at issue in the case and that it was inconsistent with the protection of the public and with his rehabilitative needs. As such, he is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. *Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa.Super.2010), *appeal denied*, 611 Pa. 651, 25 A.3d 328 (2011), *cert. denied*, *Rhoades v. Pennsylvania*, — U.S. —, 132 S.Ct. 1746, 182 L.Ed.2d 536 (2012).

In prior cases, this Court has concluded that claims of excessiveness may be justifiable as substantial questions based on the circumstances of the case and the extent to which the appellant's Rule 2119(f) statement suggests the trial court's deviation from sentencing norms. *See Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa.Super.2011) citing *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa.Super.2005) (concluding that an appellant's averments of excessiveness of sentence raised a substantial question where the trial court had couched its reasons for the sentence imposed in terms of the seriousness of the offense and victim impact without taking into consideration his expressions of remorse, desire to make restitution, and lack of a prior criminal record).

■ Appellant's second claim concerns the failure of the trial court to obtain a complete mental health evaluation prior to sentencing. This Court has found "an appellant's allegation that the trial court imposed sentence without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report [raises] a substantial question." *Commonwealth v. Kelly*, 33 A.3d 638, 640–641 (Pa.Super.2011) (citation omitted) (emphasis added). However, Appellant has not provided authority for the proposition that a substantial question is raised where a complete mental health evaluation is not considered prior to sentencing.[4] As such, we will proceed to address the merits of Appellant's first claim.

---

4. While it does not appear that Appellant has raised a substantial question with regard to this issue, Appellant acknowledges in his motion for reconsideration of sentence that the pre-sentence investigation report had been available to the trial court and he has not provided us with authority for the proposition that a substantial question had been raised where, as here, the trial court indicated it had considered a pre-sentence report prior to sentencing, and a mental health evaluation was also conducted prior to sentencing, though the written report indicated that a more detailed one would be forthcoming. Nevertheless, the sentencing court initially had rescheduled the sentencing to November 23, 2011, in light of the fact that a presentence report had been prepared, though a mental health evaluation had not been completed. The sentencing court agreed to hear the testimony of the two victims. The Commonwealth then indicated that the mental health evaluation could be completed at that time, after which the sentencing court ordered that

■ "In reviewing Appellant's sentencing issues, we are mindful that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. Moreover, the sentencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime." *Commonwealth v. Brooks,* 2013 WL 66474, at *4 (Pa.Super. Jan. 7, 2013) (citations and internal quotation marks omitted). In addition, "[i]n imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Perry,* 883 A.2d 599, 603 (Pa.Super.2005) (citations omitted).

Where an excessive sentence claim is based on deviation from the sentencing guidelines, we look for an indication that the sentencing court understood the suggested sentencing range. *See Commonwealth v. Mouzon,* 828 A.2d 1126, 1128 (Pa.Super.2003). When there is such an indication, the sentencing court may deviate from the sentencing guidelines

> to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as the court also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range.

*Id.* (internal quotation marks and citation omitted). Thus, simply stated, the sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside the guidelines as long as the sentencing court places its reasons for doing so on the record. *Id. Commonwealth v. Tirado,* 870 A.2d 362, 366 (Pa.Super.2005).

In his brief, Appellant asserts that his "misguided and blundered attempt at self[-]defense and defense of others, resulted in an aggregate maximum sentence of thirty-five (35) to seventy (70) years. The ten (10) to twenty (year) maximum consecutive sentence imposed for each of the three Aggravated Assault convictions exceeded the aggravated maximum guideline sentence of nine (9) to eighteen (18) years." Brief for Appellant at 13. Appellant further reasons that the sentence "was contrary to the fundamental norms of sentencing and inconsistent with the objectives of the sentencing code, where the sentence was not consistent with the protection of the public, gravity of the offense or Appellant's rehabilitative needs, because Appellant entered a guilty plea, expressed remorse, accepted responsibility, did not intent to harm the victims, but was seeking to avoid harm to himself and others, and had no history of violence." *Id.* at 13–14. Appellant concludes that a long period of incarceration was not necessary

it be done. Counsel for Appellant objected because Appellant's mother, who wished to testify, had left the courtroom. N.T., 10/26/11, at 13. The case was put on hold so that a mental health evaluation might be obtained. *Id.* at 15. When the case resumed, the trial court indicated that it had a PSI and that it had now obtained a mental health evaluation. *Id.* The report concluded that Appellant was competent for trial and suffered no mental illness, which corroborated Appellant's own acknowledgement on the record that he had no history of mental illness, serious emotional disorders, or thoughts of suicide. N.T., 10/26/11, at 17–18. Nevertheless, light of our decision herein, if a full psychiatric evaluation has been prepared the sentencing court shall consider the same at the time of resentencing.

to protect the community from Appellant, who was clearly to amenable to rehabilitation, had no past convictions for violent crimes and did not intend to shoot either Mr. Erwin or Ms. Hein, but rather was attempting to protect himself and others when he fired his weapon. *Id.* at 16.

The Commonwealth posits that Appellant has failed to raise a substantial question that the sentencing court abused its discretion in sentencing him. Commonwealth's Brief at 15–18. The Commonwealth goes on to state that the sentencing court imposed a reasonable sentence for the crimes Appellant committed and contends his contrary argument challenging the consecutive nature of those sentences as excessive is unavailing. *Id.* at 19–20. The Commonwealth reasons that while the recommended minimum term under the sentencing guidelines was between forty-eight and sixty months, plus twelve months where the court finds aggravating circumstances, the sentencing court properly determined that the facts herein warranted a minimum sentence above that recommended minimum but still within the statutory limits and gave adequate reasons on the record for this upward departure. Commonwealth's Brief at 20.

At the sentencing hearing, the Commonwealth stated on the record that while the court's paperwork had indicated Appellant had a prior record score of five, it believed the score was actually a four and would proceed to indicate the sentencing guidelines of a four on the record. The Commonwealth explained that the two Aggravated Assault convictions which arose from the injuries to Mr. Erwin and Ms. Hein carried an offense gravity score of eleven and a prior record score of four with a deadly weapon used which would result in a standard range sentence of seventy-eight to ninety-six months. The Commonwealth further explained the Aggravated Assault conviction for the shooting at the male in the car who was not hit would have an offense gravity score of ten and a prior record score of four and a standard range sentence of sixty-six to seventy-eight months; the VUFA conviction had the same offense gravity score and the prior record score, but with no deadly weapon enhancement, which resulted in a forty-eight to sixty month standard range sentence. The Commonwealth also indicated that each of the three aggravated assault convictions carried five to ten year mandatory minimum sentences. N.T., 10/26/11, at 19–20.[5]

Aggravated Assault, a felony of the first degree, is subject to a maximum term of imprisonment of twenty (20) years. 18 Pa.C.S.A. § 107(b)(2). The sentencing court sentenced Appellant to ten (10) to twenty (20) years in prison for each of the three counts of aggravated assault to which he had pled guilty. The sentencing court also sentenced Appellant to five (5) years to ten (10) years in prison on the Possession of a Firearm Prohibited, 18 Pa.C.S.A. § 6105, which is a felony of the second degree and is subject to a maximum term in prison of ten (10) years. 18 Pa.C.S.A. § 107(b)(3). As such, Appellant's sentence is outside of the aggravated range of the sentencing guidelines, though the aggregate sentence does not exceed the statutory maximums.

Nevertheless, our review of the sentencing transcript reveals the trial court failed to clarify whether the trial court deemed Appellant's prior record score to be a four or a five, and in either case, its sentence

---

**5.** We reached the same calculation upon our review of the pertinent portions of the sentencing guidelines.

exceeded the aggravated range. Furthermore, nowhere did the trial court specify it understood the suggested sentencing range and that it intended to deviate therefrom on the record before it disclosed its reasons for imposition of consecutive sentences on the record as follows: [6]

The Court: All right. The sentence I will impose will be a sentence to vindicate the [c]ourt's authority to protect the community, to rehabilitate and to punish. [Appellant] has shown remorse, some remorse, by apologizing to the victims who are present here in court. But I also must take into consideration the injury that was caused to the victims here and the crime or crimes that occurred on that infamous day.

I am taking into consideration the guidelines, I am taking into consideration [Appellant's] criminal record, I am taking into consideration that [Appellant] has served sentences of probation, parole, served sentences in the County, he served sentences in the State, and none of those sentences have stopped him from committing further crimes.

By the injuries caused and the way the shootout occurred, certainly Mr. Hill is a danger to society to openly shoot up a neighborhood like that. He is definitely a repeat offender. This is a violent, violent occasion and the victims have been injured on a crowded street corner. Certainly, I can consider not only the injuries to the victims and how their lives have been changed forever— one young lady who used to braid hair, can no longer braid hair. The other gentleman who is a contractor walks with a cane, has had three operations and has to have another operation on

November 15th. It is clear to this [c]ourt that he will never be the man that he once was and this is something he will have to carry with him for life. As well the young lady will never be the person she was. She has lost her livelihood. Her arm—she has lost her left arm, I believe, in terms of its usefulness.

Based on those facts, on Case Number 25, CP–51–CR0007848–2011, Bill 1, Aggravated Assault a felony of the First Degree; Bill 7, Aggravated Assault, Felony of the First degree; Possession of a Firearm Prohibited F–2; on Case Number 26, CP51–CR–0007855–2011, Bill 1 Aggravated Assault—I will be sentencing on that—a Felony of the First Degree, and on Case Number 36, is the VOP, I will be sentencing on that on the PWIB.

The sentences on the Aggravated Assaults will be 10 to 20 years at three Aggravated Assaults. The sentence on the Possession of a Firearm, will be 5 to 10 years. Sentence on the VOP, PWID would be 4 to 8 years. Those sentences will be served consecutive[ly]. The sentence is 39 to 78 years.

N.T., 10/26/11 at 23–26.

We are further troubled by the fact that the sentencing court maintains in its Opinion filed pursuant to Pa.R.A.P. 1925(a) that while Appellant's sentence is within the statutory maximum, it also is "well within the Sentencing Guideline recommendations." Trial Court Opinion, filed 8/1/12, at 3–4 (unnumbered). In reaching this conclusion, the sentencing court misinterprets the numbers in the Sentencing Guidelines therein as representing prison time in

---

**6.** We are cognizant of the fact that this Court has found that where the record demonstrates the sentencing court was aware of the specific guideline ranges and there is no indication they were applied incorrectly, "it makes no difference that the sentencing court did not state the specific guideline ranges on the record." *Commonwealth v. Tirado,* 870 A.2d 362, 368 n. 8 (Pa.Super.2005).

terms of years rather than months. Specifically, the sentencing court reasons as follows:

> Here, [Appellant] has a prior record score of four and Aggravated Assault has an offense gravity score of ten. See 18 Pa.C.S.A. § 2702. Therefore, the guidelines call for forty-eight to sixty **years**['] incarceration, and this [c]ourt sentenced [Appellant] to thirty to sixty years['] imprisonment. Possession of Firearm Prohibited has an offense gravity score of ten. See 18 Pa.C.S.A. § 6105. Therefore, the guidelines call for forty-eight to sixty **years**['] incarceration, and this [c]ourt sentenced [Appellant] to five to ten years.

Trial Court Opinion, filed 8/1/12, at 4 (unnumbered) (emphasis added).

It is also significant that the trial court seemed to be referencing the Basic Sentencing Matrix when making the above statements, though the Weapons Used Matrix is applicable to the Aggravated Assault convictions. In addition, the sentencing court treated all of the Aggravated Assault convictions as having the same offense gravity score in its Opinion, though at sentencing the Commonwealth stated that the two pertaining to the victims who were shot had a higher offense gravity score than the one arising from the shots fired at the man in the vehicle.

■ Upon our review of the record and sentencing transcript, we are unable to discern from the record before us that the sentencing court understood the applicable standard and/or aggravated ranges of the sentencing guidelines, or that he was deviating therefrom, prior to fashioning Appellant's. As such, it cannot be said to have properly placed its reasons for deviating therefrom on the record. *Commonwealth v. Tirado*, 870 A.2d 362, 367–368 (Pa.Super.2005). Thus, we are constrained to remand this matter for resentencing consistent with this Opinion.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.