J-S43017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PACURIE HUYNH, | |
| Appellant | No. 2872 EDA 2013 |

Appeal from the Judgment of Sentence entered August 2, 2013,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0001195-2013

BEFORE:  GANTMAN, P.J., ALLEN, and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 20, 2014**

Pacurie Huynh ("Appellant") appeals from the judgment of sentence entered after he pleaded guilty to one count of accidents involving death or personal injury resulting in death.[1]

The trial court summarized the pertinent facts and procedural history as follows:

> On July 4, 2012, Thomas Quercetti, victim herein, was struck by a vehicle while walking in the 100 block of State Road in Springfield Township, Delaware County.  The driver of the vehicle callously fled the scene, leaving the victim lying alone on the side of the road with massive injuries.  On February 20, 2013, the victim succumbed to his injuries.

---

[1] 75 Pa.C.S.A § 3742.

*Former Justice specially assigned to the Superior Court.

After countless months of investigation by the Springfield Police Department and assistance from the FBI, the driver of the vehicle was identified as Appellant, Pacurie Huynh. Appellant was arrested and charged with accidents involving death or personal injury and failure to stop and render aid.

On May 8, 2013, Appellant pleaded guilty to accidents involving death or bodily injury resulting in death, a felony of the third degree. Appellant was sentenced on August 2, 2013, to three and one half years to seven years in a state correctional institute.

\*\*\*

On August 12, 2013, Appellant filed a post sentence motion to (1) withdraw his guilty plea; and (2) for [the trial court] to reconsider his sentence. After a hearing on September 25, 2013, [the trial court] denied Appellant's motion[.]

On October 15, 2013, Appellant filed a timely notice of appeal. The following day, [the trial court] issued an Order requesting Appellant to file a 1925(b) statement. Appellant filed his 1925(b) statement on October 23, 2013 raising two issues: (1) The sentence imposed was in excess of the guidelines and therefore an abuse of discretion; and (2) the sentence was manifestly unreasonable under the circumstances.

Trial Court Opinion, 11/13/13, at 1-3 (footnotes omitted).

In accordance with Pa.R.A.P. 1925(a), the trial court filed an opinion on November 13, 2013, addressing Appellant's claims. Appellant now raises the following issue for our review:

Is [Appellant] entitled to a new sentencing hearing where the sentencing court clearly abused its discretion in sentencing [Appellant] to the statutory maximum sentence of 3½ to 7 years incarceration, after [Appellant] waived his preliminary hearing, pleaded guilty, had no record, and a sentencing guideline range of 12-24 months incarceration?

Appellant's Brief at 3.

A challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. **Commonwealth v. Hanson**, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Here, Appellant preserved his claim by filing a post-sentence motion and timely notice of appeal. Appellant has additionally included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 9-11. Moreover, Appellant's claim that the trial court imposed a sentence in excess of the guidelines, without placing adequate reasons on the record for its decision to do so, constitutes a substantial question for our review. **See Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super. 2014) ("This

Court has held that claims that the sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question.") Therefore, we proceed to address the merits of Appellant's claim.

Appellant argues that the trial court abused its sentencing discretion when it imposed a sentence in excess of the guidelines.[2] Appellant contends that in its imposition of sentence, the trial court based its sentencing decision only on the seriousness of the crime, and disregarded the fact that Appellant conveyed sympathy and remorse, pleaded guilty, and had no prior criminal record. Appellant's Brief at 7-15. Accordingly, Appellant argues that he is entitled to a new sentencing hearing.

Our standard of review in sentencing matters is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hoch*, 936 A.2d 515, 517-18 (Pa. Super. 2007) (citation omitted).

---

[2] The guidelines recommended a sentence of twelve months in the standard range and 18 months in the aggravated range. The statutory maximum was 3½ to 7 years.

Where an excessive sentence claim is based on deviation from the sentencing guidelines, we look for an indication that the sentencing court understood the suggested sentencing range. When there is such an indication, the sentencing court may deviate from the sentencing guidelines to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as the court also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range. Thus, simply stated, the sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside the guidelines as long as the sentencing court places its reasons for doing so on the record.

**Commonwealth v. Hill**, 66 A.3d 365, 370 (Pa. Super. 2013) *quoting*

**Commonwealth v. Tirado**, 870 A.2d 362, 366 (Pa. Super. 2005); 42

Pa.C.S.A. § 9721(b).

The legislature has provided that an appellate court shall vacate a sentence and remand to the sentencing court if "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). That section also mandates that "in all other cases the appellate court shall affirm the sentence imposed by the sentencing court." 42 Pa.C.S. § 9781(c). The factors that should be weighed when we review a sentence include:

 (1)   The nature and circumstances of the offense and the history and characteristics of the defendant.

 (2)   The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

 (3)   The findings upon which the sentence was based.

 (4)   The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

**Commonwealth v. P.L.S.**, 894 A.2d 120, 130 (Pa. Super. 2006).

"Where an excessiveness claim is based on a sentence outside the guidelines, appellate courts look to the reasons set forth on the record for the sentencing court's deviation; if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable, the sentence will be upheld." **Commonwealth v. Smith**, 863 A.2d 1172, 1177-1178 (Pa .Super. 2004) *citing* **Commonwealth v. Mouzon**, 828 A.2d 1126, 1129–1130 (Pa. Super. 2003). Here, the trial court explained:

> At the sentencing hearing [the trial court] made a thorough record of the reasons for Appellant's sentence. [The trial court] started by recognizing that sentencing should be consistent with the general principles of: protection of the public, gravity of the offense on the victim, impact on the community, the rehabilitative needs of the defendant, and consideration of the sentencing guidelines. Next, [the trial court] stated everything that was taken into consideration before imposing a sentence; "after consideration of the presentence investigative report, the psychiatric report, the substance abuse evaluation, the sentencing memorandum submitted by the Commonwealth, the sentencing memorandum submitted by counsel for [Appellant], including the numerous letters of support attached thereto, the sentencing guidelines, all statements made prior to sentencing, and that includes the victim impact statements, and a statement by the family of [Appellant]."

> Pursuant to 42 Pa.C.S. Section 9721(b), in every case where a court deviates from the guideline range, they are to provide the reasons for the deviation. [The trial court] provided its reasons on the record: "I have deviated from the standard range and the aggravated range as suggested by the sentencing guidelines for the following reasons..." The next five pages of the notes of testimony outline every reason for the [trial] court's deviation, which include: [A]ppellant was acutely aware that he struck something and kept going; that leaving the

- 6 -

scene was "callous and inhumane"; that the road was closed for several hours causing major inconvenience on the community; that despite being front page news for several days, [A]ppellant never once stepped forward; and furthermore, that [A]ppellant actually took steps to cover up his actions by attempting to get his vehicle fixed with cash, not offering any identification, and telling the mechanic the damage was from hitting a wall. If Appellant was truly remorseful, he would not have attempted to evade authorities for upwards of two hundred days, forcing them to spend countless hours and resources on tracking down the driver.

In addition to his lack of remorse, the impact on the victim's family is nothing short of devastating. [The trial court] stated "first they stood vigil bedside praying for a miracle but none came. Then, for nearly eight months the family anguished over who the heartless coward was that took the life of Thomas Quercetti and left him lying on the road as if he were merely animal road kill, just another deer, cruel and inhumane for a deer, but far worse for a young man of twenty eight years of age." Ms. Quercetti testified that their family has been haunted by this tragedy.

[The trial court] addressed all of the requisite general principles of sentencing and carefully outlined its analysis of each factor. Furthermore, [the trial court] recognized the standard guidelines and addressed its reasons for deviation. Simply because [the trial court], well within its discretion, chose to sentence Appellant to the statutory maximum does not make the sentence an abuse of discretion.

Trial Court Opinion, 11/13/13, at 4-5 (citations to notes of testimony omitted).

Upon review, we conclude that the trial court did not ignore or misapply the law or exercise its judgment for reasons of partiality, prejudice, bias or ill will, and we do not find the trial court's imposition of a sentence

- 7 -

outside of the guidelines to be unreasonable. At the sentencing hearing, the trial court emphasized that the victim was left on the side of the road lying in a pool of blood, and that the accident caused significant damage to Appellant's car, such that Appellant must have known he had struck something, yet declined to stop his vehicle. Moreover, Appellant made efforts to repair his damaged vehicle, and in doing so made a conscious effort to conceal his identity by declining to provide his name to the auto repair shop, paying in cash, and informing the repair shop that the accident occurred when he hit a wall. N.T., 8/2/13, at 24-26. With regard to Appellant's expressions of remorse, the trial court noted that Appellant did not turn himself in immediately or even shortly after the accident, and that 236 days passed before he was located by police as a suspect, leading to his subsequent admission of guilt. *Id*. Contrary to Appellant's assertion that the trial court focused solely on the seriousness of the crime in fashioning its sentence, the record reflects that at the sentencing hearing, the trial court expressly indicated it considered the pre-sentence report, including a psychiatric report, as well as letters in support of Appellant, the protection of the public, the gravity of the offense as it related to the impact on the victim, and Appellant's rehabilitative needs, and weighed those considerations in rendering its sentence. *Id*. at 21-22.

Appellant asserts that the record is devoid of any indication that he is a menace to society or that he is not amendable to rehabilitation. Additionally, Appellant claims that the trial court's emphasis on the upheaval

to the victim's family, and the fact that the road was closed by police after the accident causing public inconvenience, do not support the trial court's decision to deviate from the guidelines because every crime causes upheaval, and traffic congestion is not an aggravating factor.  However, we reiterate that the trial court, in addition to mentioning that the accident caused a traffic disturbance and that the crime had a significant impact on the victim's family, properly considered additional factors including Appellant's decision to flee from the scene of the crime, his failure to turn himself in at the earliest opportunity, and his efforts to conceal his crime. Although Appellant objects to the emphasis placed by the trial court on various sentencing factors and asks for a new sentencing hearing on this basis, we may not substitute our judgment for that of the sentencing court. ***Commonwealth v. Marts***, 889 A.2d 608, 616 (Pa. Super. 2005).  For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Justice Fitzgerald files a Dissenting Statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014