J-S10006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS MARTINEZ, | |
| Appellant | No. 3424 EDA 2013 |

Appeal from the PCRA Order November 5, 2013
in the Court of Common Pleas of Northampton County
Criminal Division at Nos.: CP-48-CR-0003442-2010

BEFORE: GANTMAN, P.J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                         **FILED MARCH 17, 2015**

Appellant, Luis Martinez, appeals from the order[1] dismissing his counseled petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A previous panel of this Court summarized the factual and procedural history of this case as follows:

> On June 20, 2010, after breaking into their victims' home, Appellant and his partner kidnapped the victims, threatened and tortured them, and then left them tied up in their home after making off with over $60,000 in valuables. The police later

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order appealed from was dated November 1, 2013, but was not entered on the docket until November 5, 2013. We have amended the caption accordingly.

arrested both men. After the Commonwealth began to introduce evidence at the July 12, 2011 trial, Appellant opted to plead guilty to the following charges: Robbery, Aggravated Assault, Burglary, Recklessly Endangering Another Person, Terroristic Threats, Unlawful Restraint, Criminal Trespass, Theft by Unlawful Taking, Receiving Stolen Property, Possession of a Weapon, Prohibitive Offensive Weapons, Conspiracy to Commit Robbery, Conspiracy to Commit Theft by Unlawful Taking, Conspiracy to Commit Kidnapping, Conspiracy to Commit Burglary, Conspiracy to Commit Criminal Trespass, Conspiracy to Commit Unlawful Restraint, Access Device Fraud, and Kidnapping.

Upon a lengthy and detailed guilty plea colloquy, the lower court found Appellant guilty of the crimes charged. In addition to his guilty plea, Appellant also waived his rights to a PSI (Presentence Investigation Report) and requested immediate sentencing. Relevant portions of this part of the proceeding are as follows:

> THE COURT: Mr. [Alexander] Karam [defense counsel], I understand there was discussion that there would be a waiver of a pre-sentence investigation in this matter.
>
> MR. KARAM: Yes, Your Honor. I discussed it with my client. He agrees to waive his right to a pre-sentence report and ask for immediate sentencing. Is that correct, Mr. Martinez?
>
> THE DEFENDANT: Yeah.
>
> MR. KARAM: Yes?
>
> THE DEFENDANT: Yes.
>
>             *     *     *
>
> THE COURT: By waiving the pre-sentence report, you are basically leaving it to what can be presented here today without the benefit and the reflection of a pre-sentence investigation. Do you understand that?
>
> THE DEFENDANT: Yes.
>
>             *     *     *

> THE COURT: Mr. Martinez, you're quite certain you wish to waive the pre-sentence report and proceed to sentencing?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Very well. I will grant your motion and allow you to proceed to sentencing at his time.
>
> The lower court then proceeded to sentencing. After hearing statements from Appellant, Appellant's counsel, one of the victims, and the Commonwealth's attorney, the lower court sentenced Appellant to a term of incarceration of twenty-four to fifty years.
>
> On July 13, 2011, Appellant filed a timely petition for reconsideration in which he claimed, *inter alia*, that the lower court failed to adequately consider the mitigating factors in his case. Nowhere in this petition did Appellant claim that the lower court erred in not ordering a PSI. On July 15, 2011, the lower court denied the petition without a hearing. On or about August 12, 2011, Appellant filed a timely notice of appeal.

(**Commonwealth v. Martinez**, No. 2480 EDA 2011, unpublished memorandum at *1-4 (Pa. Super. filed Aug. 8, 2012) (record citations and footnotes omitted)).

On August 8, 2012, a panel of this Court affirmed Appellant's judgment of sentence. On July 1, 2013, Appellant, acting *pro se*, filed the instant PCRA petition. The PCRA court appointed counsel, Victor E. Scomillio, Esq., who filed an amended petition on August 28, 2013. The PCRA court held an evidentiary hearing on the petition on November 1,

2013,[2] at which Appellant and Attorney Karam testified.[3] On November 5, 2013, the PCRA court entered its order denying the petition.[4] This timely appeal followed.[5]

Appellant raises the following issues for our review:

1. [Was] [t]rial counsel . . . ineffective for failing to request a presentence investigation report, despite Appellant's entitlement to the compilation of the report and despite the serious nature of the charges to which Appellant pled guilty and on which Appellant was to be sentenced[?]

_____

[2] At the outset of the hearing, Appellant indicated that he was not satisfied with Mr. Scomillio's representation. (*See* PCRA Court Opinion, 1/23/14, at 8). The court permitted Appellant to proceed *pro se* after conducting an extensive colloquy. It required Attorney Scomillio to serve as standby counsel. (*See id.*).

[3] Appellant raised the issue of ineffective assistance of appellate counsel, Robert E. Sletvold, Esq. at the PCRA hearing. (*See* N.T. PCRA Hearing, 11/01/13, at 12). However, although Attorney Sletvold attended the hearing and was available to testify, Appellant did not call him as a witness. (*See* PCRA Ct. Op., at 12 n.35, 25).

[4] On November 20, 2013, the PCRA court appointed Robert Eyer, Esq., to represent Appellant. Attorney Eyer filed a motion to withdraw, which this Court granted on March 24, 2014. The trial court then appointed Christopher Brett, Esq., who failed to file a brief with this Court. On September 5, 2014, this Court remanded the matter to the PCRA court for a determination of whether counsel abandoned Appellant. The court subsequently appointed current counsel.

[5] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on December 23, 2013. *See* Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on January 23, 2014. *See* Pa.R.A.P. 1925(a).

2.      [Was] [a]ppellate counsel . . . ineffective for failing to argue that the trial court's consecutive standard-range sentences amounted to an excessive aggregate sentence[?]

3.      [Was] [t]rial counsel . . . ineffective for failing to argue that Appellant's sentence was excessive in light of the sentence received by his co-defendant, and [were] PCRA hearing counsel and previous PCRA appellate counsel . . . ineffective for failing to raise trial counsel's ineffectiveness[?]

(Appellant's Brief, at 5).

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

In his first issue, Appellant contends that trial counsel's failure to request a PSI report constituted ineffective assistance of counsel.  (***See*** Appellant's Brief, at 18-24).   Appellant claims that the background information Attorney Karam presented at sentencing was inadequate and that he derived no benefit from foregoing a PSI.  (***See id.*** at 21, 24).  This issue is waived.

Pennsylvania Rule of Appellate Procedure 1925(b) provides that "[i]ssues not included in [an appellant's 1925(b)] Statement . . . are waived."  Pa.R.A.P. 1925(b)(4)(vii).  An *en banc* panel of this Court has held that "our Supreme Court does not countenance anything less than stringent

application of waiver pursuant to Rule 1925(b)[.]" ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (case citation omitted); ***see also Commonwealth v. Dozier***, 99 A.3d 106, 110 (Pa. Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014) (deeming appellant's issues waived for failure to present them in his Rule 1925(b) statement).

Here, Appellant filed a three-page, twelve-paragraph, Rule 1925(b) statement "rais[ing] a multitude of alleged errors in regard to [the] denial of his first PCRA petition." (PCRA Ct. Op., at 10; ***see also*** Rule 1925(b) Statement, 12/23/13, at unnumbered pages 1-3). However, Appellant's Rule 1925(b) statement does not raise the first issue he discusses in his brief alleging trial counsel ineffectiveness for failure to request a PSI report. (***See*** Appellant's Brief, at 18). Therefore, we deem Appellant's first issue on appeal waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii).

In his second issue, Appellant claims that appellate counsel, Attorney Sletvold, was ineffective for failing to argue that his aggregate sentence was excessive on direct appeal. (***See*** Appellant's Brief, at 5, 24-27).[6] He asserts

_____

[6] We note that Appellant presents this issue in an extremely vague manner in his Rule 1925(b) statement: "1. The PCRA court erred in concluding that counsel was not ineffective for failing to challenge the excessive nature of the sentence." (Rule 1925(b) Statement, 12/23/13, at unnumbered page 1 ¶ 1). However, the PCRA court was able to discern the crux of Appellant's claim based on his argument at the PCRA hearing. (***See*** PCRA Ct. Op., at 25-33; ***see also*** N.T. PCRA Hearing, 11/01/13, at 12; PCRA Petition, *(Footnote Continued Next Page)*

"[f]or all the offenses on which [he] received consecutive sentences . . . the court imposed a minimum sentence at the highest end of the standard range for every single offense except for one of the access device fraud charges." (Appellant's Brief, at 25). Appellant concedes that the court sentenced him within guideline ranges, but argues that the imposition of consecutive sentences at the highest end of the ranges was unreasonable and excessive in light of his criminal conduct because the court, in effect, imposed a life sentence. (*See id.* at 24, 27). Appellant further maintains that Attorney Sletvold had no possible strategic basis for failing to raise this issue on direct appeal, and that counsel's inaction prejudiced him. (*See id.* at 27). This issue lacks merit.

To be eligible for relief under the PCRA on grounds of ineffective assistance of counsel, a petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. . . . [O]ur Supreme Court [has] articulated a three-part test to determine whether an appellant

*(Footnote Continued)* _____

7/01/13, at 5; Attachment to PCRA Petition, 7/01/13, at 1). We will therefore address the issue.

has received ineffective assistance of counsel. Appellant must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) Appellant was prejudiced by counsel's act or omission.

*Commonwealth v. Johnson*, 51 A.3d 237, 243 (Pa. Super. 2012) (*en banc*), *appeal denied*, 63 A.3d 1245 (Pa. 2013) (citations and quotation marks omitted). In addition, "[an appellant's] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

Where an appellant asserts that counsel was ineffective for failing to challenge the discretionary aspects of his sentence, "if the PCRA court can determine from the record that the sentence was not excessive . . . then there is no underlying merit to the ineffectiveness claim and the claim must fail." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008). We are also mindful that "the sentencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime." *Commonwealth v. Hill*, 66 A.3d 365, 370 (Pa. Super. 2013) (citation omitted). "In addition, [i]n imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Id.* (citation and internal quotation marks omitted).

Here, the court explained its rationale for imposing Appellant's sentences consecutively as follows:

> With regard to [Appellant's] conduct in this case, he admitted that he was the mastermind of a conspiracy with [Jeremiah] Nieves to burglarize and rob the victims in this case. While inside of the victims' home, [Appellant], who was already carrying a handgun, and Nieves obtained and collected items that they would use to subdue, maintain, and control the victims. They eventually attacked and captured the victims, and they bound and blind-folded the victims in separate areas of the basement to further traumatize them. Over the course of a few hours, [Appellant] and Nieves terrorized the victims and threatened to kill them and their teenage daughter, who was fortunately not home at the time. They also tortured [one of the victims] in the manner in which he was bound and also by spraying chemicals into his eyes. [Appellant] and Nieves stole approximately $60,000 in items from the victims and withdrew money from two separate ATM machines by using stolen bank cards. This conduct is expressly the type of egregious conduct that warranted the imposition of consecutive sentences in this case[.] . . .

(PCRA Ct. Op., at 29-30).

Upon review of the record, we find no merit to Appellant's contention that appellate counsel was ineffective for failing to challenge the sentence as excessive in light of his crimes on direct appeal. *See Jones*, *supra* at 908-09 (finding on collateral review consecutive sentences resulting in lengthy aggregate sentence appropriate where appellant perpetrated home invasions and committed acts of violence against victims; counsel was not ineffective for failing to challenge sentence as excessive). Because Appellant's underlying claim is devoid of merit, counsel cannot be ineffective for failing to pursue it. *See id.*; *see also Commonwealth v. Koehler*, 36 A.3d 121,

144 (Pa. 2012) ("counsel cannot be deemed ineffective for failing to pursue a meritless claim") (citation omitted). Appellant's second issue does not merit relief.

In his third issue, Appellant claims "Attorney Karam was ineffective for failing to challenge the sentencing disparity between [Appellant] and co-defendant Nieves, and Attorney Scomillio, Attorney Eyer, and Attorney Brett were ineffective for failing to raise Attorney Karam's ineffectiveness." (Appellant's Brief, at 28). However, Appellant failed to include this issue in his Rule 1925(b) statement. (*See* Rule 1925(b) Statement, 12/23/13, at unnumbered pages 1-3). We therefore deem Appellant's final issue on appeal waived. *See* Pa.R.A.P. 1925(b)(4)(vii). Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015

- 10 -