J-S59002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARL DARNELL JONES, | |
| Appellant | No. 1072 WDA 2014 |

Appeal from the Judgment of Sentence June 2, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014831-2010

BEFORE: BOWES, DONOHUE, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 16, 2015**

Carl Darnell Jones appeals from the judgment of sentence of eighteen to thirty-six months incarceration followed by three years probation that the trial court imposed after it found Appellant to be in violation of the terms of his probation. We affirm.

Appellant was charged in this action with indecent assault of a person who was less than thirteen years old and corruption of a minor. On March 7, 2012, he pled guilty to the corruption count and, in exchange, the other charge was withdrawn. The factual basis for the guilty plea was summarized by the Commonwealth:

> [O]n September 3rd 2010, Darlene Wall went out with some friends to celebrate her fiftieth birthday party. She went to a bar in Homewood. Following her birthday party, she returned home at 1 o'clock in the morning. That night she had

_____
* Former Justice specially assigned to the Superior Court.

several of her friends come back to the house with her. One of her friends was the defendant. The party continued. At some point, various adults in the house fell asleep. Her four-year-old granddaughter was there sleeping in the family room on the couch. Ms. Wall [is] the primary caretaker of her four-year-old grandchild.

At some point early in the morning hours, maybe around 7 a.m., another fourteen-year-old child came downstairs and saw the four-year-old victim on the defendant's lap. Around 10 o'clock that next day, September the 4th, the child reported to her grandmother that the defendant had dug in her underwear. At that time Ms. Wall became very upset with the victim basically for not reporting his conduct earlier in the day.

Thereafter, the calls were made to the defendant's house by the child's mother, and then the following day they went to Children's Hospital Emergency Room. At the emergency room they were met by a City police officer who referred the case to the City of Pittsburgh Sex Assault detectives, and Detective Campbell began an investigation. Detective Campbell set up a forensic interview which was conducted on September the 16th of 2010. At that forensic interview the child was qualified as a witness and, while being shy, was able to articulate the events of the day involving her grandmother's party, the fact that Mr. Jones dug in her underwear.

Based on these allegations, Detective Campbell then interviewed the defendant. He agreed to make a statement. He denied the allegations except he did admit that at some point in the early morning hours he recalled a young child attempting to wake up somebody else in the room and that that young child, the victim, might have gotten on top of his lap. Based on his statements and the child's statements at the forensic interview, charges w[ere] ultimately filed, and that would be the Commonwealth's summary of the evidence.

N.T., 3/7/12, at 12-14.

Appellant was sentenced to five years probation, which fell below the applicable guidelines in light of Appellant's prior record score of five. The

- 2 -

trial court assigned supervision of Appellant's probation to the Allegheny County Sex Offender Court, which involved the imposition of special conditions, including no contact with any minor.

On March 7, 2012, when the probationary sentence herein was imposed, Appellant was serving a jail term in another matter. He was paroled in June 2012. His probation in this matter was reviewed on August 16, 2012. At that time, he denied committing the offense in question and had not started sex offender's treatment. He had started a job on August 15, 2012. Then, Appellant was arrested on August 23, 2012, in Washington County on charges of possession of a controlled substance with intent to deliver (cocaine) ("PWID") and receiving stolen property ("RSP").

After Appellant was convicted in Washington County for PWID and RSP, Appellant was charged with violating the terms of his probation in this case. A VOP hearing was held on June 2, 2014. In addition to proving these direct violations of probation, the Commonwealth established that, during his brief release from prison from June to August 2012, Appellant had violated the terms and conditions of his special probation by failing to seek sex offender's treatment and by residing in an unapproved residence with his girlfriend and her minor daughter.

The trial court had the benefit of a presentence report. Based upon the direct and technical violations of the terms of probation, the trial court revoked it. The trial court sentenced Appellant to eighteen to thirty-six

- 3 -

months incarceration, which was made consecutive to the thirty to sixty months incarceration that Appellant received in the Washington County case, followed by two years probation. The trial court supported its sentence as follows:

> As demonstrated by his poor supervision history, his escalating criminal behavior including new charges resulting in conviction, his continued contact with children, and his ongoing treatment failure, he is not amendable to community supervision and treatment. As Appellant repeatedly ignored his need for rehabilitation and treatment, intentionally disregarded court ordered supervision conditions, and demonstrated through his conduct the community's need to be protected from him, this Court did not err in sentencing him to a sentence of confinement for a period of 18 to 36 months with three years of consecutive probation.

Trial Court Opinion, 3/27/15, at 6.

Appellant filed a motion for reconsideration of the June 2, 2014 sentence as well as this timely appeal on July 2, 2014. He raises one issue for our consideration:

> I. Di[d] the trial court abuse its discretion by sentencing Mr. Jones to 18 to 36 months of incarceration followed by two years of probation, when it failed to adequately consider and apply the required sentencing factors under 42 Pa.C.S.A. § 9721 and 42 Pa.C.S.A. § 9725?

Appellant's brief at 5.

This contention relates to the discretionary aspects of the sentence imposed upon Appellant.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging

the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.  [*See* Pa.R.A.P. 2119(f).] Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code.  That is, that the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits.

*Commonwealth v. Hill*, 66 A.3d 365, 368 (Pa.Super. 2013).

Appellant has complied with Rule 2119(f), and maintains in that statement that the trial court "did not consider the evidence of [Appellant's] nature and characteristics, and his need for rehabilitation, or any mitigating evidence presented on [Appellant's] behalf." Appellant's brief at 14.  We note that this position differs slightly from the one presented in his statement of the issue raised on appeal, which was that the trial court did not **adequately** consider his mitigating proof.  Nevertheless, it is "well-established that a sentencing court's failure to consider mitigating factors raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014).  Since Appellant's Pa.R.A.P. 2119(f) statement raises the existence of a substantial question, we will grant allowance of appeal from the discretionary aspects of the sentence imposed.

- 5 -

Nonetheless, Appellant's position must be summarily dismissed. The record reveals that the court had the benefit of a presentence report; it heard counsel's argument in mitigation of the sentence. Thus, we are required to presume that the court did, in fact, weigh any mitigating evidence presented by Appellant. This precept was announced by our Supreme Court in **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988), and has been consistently applied thereafter. As we more recently commented:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

**Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009) (citation omitted); **see also Commonwealth v. Naranjo**, 53 A.3d 66, 72 (Pa.Super. 2012) ("The record reveals that the court reviewed a pre-sentence report and, therefore, appropriately weighed the requisite sentencing factors.")

Hence, we reject Appellant's position that the trial court did not consider his mitigating evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2015