J-S40032-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMY H. RITTER | : | |
| | : | |
| Appellant | : | No. 115 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 18, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000169-2017

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    FILED AUGUST 16, 2019

Jeremy H. Ritter (Ritter) appeals from the judgment of sentence imposed by the Court of Common Pleas of Erie County (trial court) after he pleaded guilty to one count of Theft by Deception, 18 Pa.C.S. § 3922(a)(1). We affirm.

On March 30, 2017, Ritter entered an open guilty plea to one count of Theft by Deception. The trial court sentenced him to a term of incarceration of not less than twenty-four nor more than forty-eight months on May 18, 2017. It also found him eligible for a reduced minimum sentence pursuant to the Recidivism Risk Reduction Incentive (RRRI) program, 61 Pa.C.S. §§ 4504-

_____

* Retired Senior Judge assigned to the Superior Court.

4512.[1]  The court denied Ritter's motion to modify the sentence.  Ritter timely

appealed[2] and complied with Rule 1925.  See Pa.R.A.P. 1925(b).

On appeal, Ritter argues that the trial court abused its discretion when

it sentenced him to a manifestly excessive term of incarceration without

considering mitigating factors.  (See Ritter's Brief, at 3-4).

Ritter's issue challenges the discretionary aspects of his sentence.  It is

well-settled that:

> When challenging the discretionary aspects of the sentence
> imposed, an appellant must present a substantial question as to
> the inappropriateness of the sentence.  Two requirements must
> be met before we will review this challenge on its merits.  First,
> an appellant must set forth in his brief a concise statement of the
> reasons relied upon for allowance of appeal with respect to the
> discretionary aspects of a sentence.  Second, the appellant must
> show that there is a substantial question that the sentence
> imposed is not appropriate under the Sentencing Code.  That is,
> [that] the sentence violates either a specific provision of the
> sentencing scheme set forth in the Sentencing Code or a particular
> fundamental norm underlying the sentencing process.  We
> examine an appellant's Pa.R.A.P. 2119(f) statement to determine
> whether a substantial question exists.  Our inquiry must focus on
> the reasons for which the appeal is sought, in contrast to the
> facts underlying the appeal, which are necessary only to decide
> the appeal on the merits.

_____

[1] Ritter maintains that the court failed to designate him RRRI eligible.  (See Ritter's Brief, at 3-6).  However, a review of the record confirms that the court did find him RRRI eligible, thereby reducing his minimum sentence from twenty-four to eighteen months.  (See N.T. Sentencing, 5/18/17, at 18).

[2] Ritter's direct appeal rights were reinstated on December 10, 2018, after the court granted his petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, based on trial counsel's failure to file a direct appeal.

Commonwealth v. Hill, 66 A.3d 365, 368 (Pa. Super. 2013) (case citations omitted) (emphases in original).

In this case, Ritter has included a Rule 2119(f) statement in his brief. (See Ritter's Brief, at 4). In it, he alleges that the trial "court failed to afford due weight and consideration to mitigating factors" that he presented. (Id.). He also argues that the sentence was manifestly excessive. (See id. at 4, 6). This raises a substantial question and we will review its merits. See Commonwealth v. Hill, ___ A.3d ___, 2019 WL 2204340, at *9 (Pa. Super. filed May 22, 2019) (finding appellant's claim of failure to consider mitigating factors combined with claim of excessive sentence raises substantial question).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." Commonwealth v. Edwards, 194 A.3d 625, 637 (Pa. Super. 2018), appeal denied, 202 A.3d 41 (Pa. 2019) (citation omitted). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." Commonwealth v. Prisk, 13 A.3d 526, 533 (Pa. Super. 2011) (citation and internal quotation marks omitted).

Here, the Rule 1925(a) Memorandum Opinion written by Judge John J.

Mead[3] observes:

> [Ritter's] averments are belied by the record. At the time of [his] sentencing, Judge Garhart considered "the Pennsylvania Sentencing Code, the presentence report, the guidelines . . . [Ritter's] age, background, and . . . his long, long history of criminal behavior. (See N.T. Sentencing, at 17). Judge Garhart was informed of the restitution previously paid by [Ritter]. (See id. at 7). Judge Garhart acknowledged [Ritter] may have rehabilitative needs but stated those needs "should have been met before." (Id. at 17). Judge Garhart considered "the circumstances and seriousness of the offense" and found it to be "willful, almost depraved . . . brazen." (Id.). Judge Garhart also considered the impact of the crime upon the victim. (See id. at 18). Judge Garhart acknowledged he was sentencing [Ritter] outside the guidelines[4] as, under the circumstances, the guidelines did not "capture an appropriate sentence for him." (Id.). . . .

(Memorandum Opinion, at 1) (record citation formatting provided).

Our independent review of the certified record confirms the above

description of the sentencing hearing, and we discern no manifest abuse of

discretion by Judge Garhart. Additionally, although Ritter baldly claims in his

Rule 2119(f) statement that Judge Garhart "failed to proffer a legally sufficient

_____

[3] This matter was reassigned to Judge Mead after the sentencing judge, Judge John Garhart, retired in December 2018. (See Memorandum Opinion, 3/21/19, at 1 n.2).

[4] "[T]he sentencing guidelines are advisory in nature. If the sentencing court deems it appropriate to sentence outside of the guidelines, it may do so as long as it offers reasons for this determination." Commonwealth v. Schull, 148 A.3d 820, 836 (Pa. Super. 2016) (citations omitted). Even though this issue was not raised, the reasons given by the sentencing judge here were sufficient reasons to sentence outside the guidelines.

statement . . . in support of the imposition of a consecutive sentence[,]" (Ritter's Brief, at 4), there is no requirement that a sentencing judge provide a heightened explanation for a consecutive sentence. Indeed, Judge Garhart had full discretion to impose either consecutive or concurrent sentences. See Prisk, supra at 533. Finally, although Ritter claims that Judge Garhart was required to sentence him to a term of incarceration similar to that imposed on his co-defendant by another sentencing judge, he provides no support for this allegation. (See Ritter's Brief, at 6). In fact, "a defendant is not entitled to the same sentence as that imposed on another person involved in the same crime." Commonwealth v. Ali, 197 A.3d 742, 764 (Pa. Super. 2018), appeal denied, 207 A.3d 911 (Pa. 2019) (citation omitted). "Rather, when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences." Id. (citation and internal quotation marks omitted). Here, Judge Garhart did not sentence Ritter's co-defendant and he articulated reasons to support Ritter's sentence. This was sufficient and Ritter's argument otherwise fails. See id.

Therefore, for all of the foregoing reasons, we conclude that Judge Garhart did not abuse his discretion in sentencing Ritter, and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/16/2019</u>