J-S14028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN BRYE, | |
| Appellant | No. 1813 EDA 2014 |

Appeal from the Judgment of Sentence of June 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007174-2013

BEFORE:  DONOHUE, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 27, 2015**

Appellant, Sean Brye, appeals from the judgment of sentence entered on June 9, 2014. On this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, ***Anders v. California***, 386 U.S. 738 (1967). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

The factual background of this case is as follows. On November 28, 2010, Appellant accosted Brian Posada ("Brian") in the 1800 block of East

Harold Street. Appellant demanded money that he contended Brian owed him. Appellant left, came back, and began to threaten to kill Brian. Appellant then grabbed Brian, began choking him, and threw him into a car. Appellant retrieved a knife from his pocket and stabbed Brian in the back. Brian's mother, Soth Posada, attempted to disarm Appellant and she was stabbed in the hand.

The procedural history of this case is as follows. On June 7, 2013, Appellant was charged via criminal information with aggravated assault.[1] On February 10, 2014, Appellant pled guilty to that lone charge. On June 9, 2014, Appellant was sentenced to an aggregate term of three to ten years' imprisonment. The timely appeal followed.[2]

Appellant's counsel raises four issues in her *Anders* brief:

1. Whether the trial court had jurisdiction over this case?

2. Whether Appellant's plea was entered into knowingly and voluntarily?

3. Whether plea counsel provided ineffective assistance?

4. Whether Appellant's sentence was illegal?

**See generally Anders** Brief at 7-9.

_____

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] On June 17, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On July 10, 2014, Appellant's counsel filed notice of her intent to file an *Anders* brief with this Court. *See* Pa.R.A.P. 1925(c)(4). On September 3, 2014, the trial court issued a statement in lieu of an opinion.

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, [s]he has determined that the appeal is frivolous." *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012), *quoting Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record;
>
> (2) refer[s] to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set[s] forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014), *quoting Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to her client and "advise[] him of his right to retain new counsel, proceed *pro se*[,] or

- 3 -

raise any additional points that he deems worthy of the court's attention, and attach[] to the **Anders** petition a copy of the letter sent to the client." **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5, *quoting* **McClendon**, 434 A.2d at 1187. It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations. We now turn to whether this appeal is wholly frivolous.

The first issue raised in counsel's **Anders** brief is whether the trial court possessed jurisdiction over this case. "Jurisdiction relates to the court's power to hear and decide the controversy presented. All courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." **Commonwealth v. Gross**, 101 A.3d 28, 32 (Pa. 2014) (internal citation, quotation marks, and alteration omitted). In this case, the aggravated assault occurred in Philadelphia County, which is in the Commonwealth of Pennsylvania. Therefore, all courts of common pleas in the Commonwealth, including the Court of Common Pleas of Philadelphia

County, possessed jurisdiction over this case. Accordingly, the first issue raised in counsel's **Anders** brief is frivolous.

The second issue raised in counsel's **Anders** brief is whether Appellant entered his plea knowingly and voluntarily. The trial court conducted a full colloquy with Appellant at the guilty plea hearing. Appellant stated, under oath, that he was pleading guilty of his own free will. N.T., 2/10/14, at 5. He further stated that no one had threatened or coerced him into pleading guilty. *Id.* Appellant stated that he was not promised anything for his guilty plea. *Id.* He stated that he had reviewed the case with his attorney and that he was satisfied with his attorney's representation. *Id.* at 5-6. Appellant stated that he reviewed the written guilty plea colloquy with his attorney and understood its contents, including the rights he was giving up by pleading guilty. *Id.* at 4. He stated he was not under the influence of drugs or alcohol. *Id.* He stated that he did not suffer from any mental illness. *Id.* at 4-5. The trial court apprised him of the maximum penalty he could face. *Id.* at 3. Appellant thereafter pled guilty to aggravated assault. Thus, it is obvious from the record that Appellant knowingly and intelligently chose to plead guilty to aggravated assault. Therefore, the second issue contained in counsel's **Anders** brief is frivolous.

The third issue raised in counsel's **Anders** brief is whether Appellant's plea counsel rendered ineffective assistance. A claim that plea counsel was ineffective, however, may only be raised via a petition filed pursuant to the

Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. ***See Commonwealth v. Rigg***, 84 A.3d 1080, 1087 (Pa. Super. 2014). Such a claim may not be raised on direct appeal. ***See id.*** Accordingly, the third issue raised in counsel's ***Anders*** brief is frivolous for purposes of direct appeal.[3]

The final issue raised in counsel's ***Anders*** brief is whether Appellant's sentence was illegal. Appellant was convicted of aggravated assault, a first-degree felony. The statutory maximum for aggravated assault is 20 years' imprisonment. ***Commonwealth v. Hill***, 66 A.3d 365, 371 (Pa. Super. 2013), *citing* 18 Pa.C.S.A. § 107(b)(2). Appellant was sentenced to three to ten years' imprisonment, well below the statutory maximum. Therefore, his sentence was legal and the fourth issue contained in counsel's ***Anders*** brief is frivolous.

In sum, we conclude that all four issues raised in counsel's ***Anders*** brief are frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we will grant counsel's request to withdraw. Having determined that the issues raised on appeal are frivolous, or may not be pursued on direct appeal, we will affirm the judgment of sentence.

---

[3] We express no view as to the alleged ineffectiveness of Appellant's plea counsel.

Petition for Leave to withdraw as Counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2015