J-S40029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREEDLE LYNCH | |
| Appellant | No. 3374 EDA 2015 |

Appeal from the Judgment of Sentence September 29, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0004415-2015

BEFORE:  BOWES, J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                              **FILED JULY 06, 2016**

Appellant, Freedle Lynch, appeals from the September 29, 2015 aggregate judgment of sentence of 18 to 36 months' imprisonment, imposed following an open guilty plea to retail theft, resisting arrest, and false identification to law enforcement authorities.[1]   After careful review, we affirm.

The relevant facts as gleaned from the certified record are as follows. On June 30, 2015, Appellant was arrested following a shoplifting incident at a Walmart in Levittown, Pennsylvania.  Trial Court Opinion, 1/12/16, at 1. Walmart employees observed Appellant concealing merchandise in Walmart shopping bags and then exiting the store without paying for the items.  ***Id.***

_____

[1] 18 Pa.C.S.A. §§ 3929(a)(1), 5104, and 4914(a).

Walmart employees identified themselves and Appellant dropped the merchandise and fled. *Id.* Police arrived, and after a brief struggle handcuffed Appellant. *Id.* at 2. The police conducted a search and discovered Appellant was concealing several Walmart watches on his person. *Id.*

On September 29, 2015, Appellant entered an open guilty plea to the aforementioned crimes. Appellant was sentenced that same day to an aggregate sentence of 18 to 36 months' imprisonment.[2] Later on September 29, 2015, Appellant filed a motion to reconsider his sentence. On October 23, 2015, Appellant's motion was denied. On November 6, 2015, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following issue for our review.

> Did the trial court abuse its discretion when it sentenced [Appellant] in the aggravated range of the guidelines where the [trial] court ignored mitigating evidence, such as his extremely poor health, his wife sought to speak on his behalf, he accepted responsibility by pleading guilty, he exhibited good conduct, and the [trial] court otherwise relied on inadequate and unproven concerns?

Appellant's Brief at 4.

---

[2] Specifically, Appellant was sentenced to 18 to 36 months' imprisonment for retail theft. No further penalty was imposed on the remaining counts.

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant's sole issue on appeal pertains to the discretionary aspects of his sentence.[4]

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 726 (Pa. Super. 2015), *quoting* *Commonwealth v. Hoch*, 936 A.2d 515, 517-518 (Pa. Super. 2007). "There is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant makes an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014)

---

[4] Generally, our cases state that "by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). However, our cases also hold that the entry of an open guilty plea does not waive the discretionary aspects of the sentence "because there was no agreement as to the sentence Appellant would receive." *Commonwealth v. Hill*, 66 A.3d 365, 367 (Pa. Super. 2013) (citation omitted).

(*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Id.*** (citation omitted).

Instantly, Appellant filed a timely motion for reconsideration of his sentence, and a timely notice of appeal. Also, Appellant's brief includes a Rule 2119(f) statement. Appellant's Brief at 10-11. We therefore proceed to address whether Appellant has raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citations omitted).

Instantly, Appellant asserts the trial court "ignored mitigating factors, and failed to state sufficient reasons that were not already contemplated in the sentencing recommendation for sentencing outside the standard range." Appellant's Brief at 14. This Court has held that "a claim that the [trial] court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question." ***Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (citation omitted). We therefore proceed to review the merits of Appellant's claim.

At the outset we note that the trial court agrees with Appellant that he was sentenced in the aggravated range. Trial Court Opinion, 1/12/16, at 3. At sentencing, the trial court noted that the standard sentencing guideline range is 6 to 16 months, and 19 months in the aggravated range. N.T., 9/29/15, at 17. In its Rule 1925(a) opinion, the trial court explained its reasoning for sentencing Appellant in the aggravated range as follows.

Contrary to [Appellant]'s assertion, th[e trial c]ourt stated its reasons for imposing a sentence in the aggravated range of the sentencing guidelines. Prior to imposing sentence th[e trial c]ourt stated,

> THE COURT: I take the sentencing guidelines into consideration. I also take into consideration the lengthy, lengthy prior criminal history with multiple felony offenses that have resulted in this [Appellant] being incarcerated for substantial periods beginning in 1978 and continuing consistently from 1978 through...
>
> THE DEFENDANT: Excuse me your [H]onor.
>
> ***
>
> THE COURT: Based on the extensive and repeated criminal history that has only been abated as a result of his incarceration and removal from the street, [this Court fashioned sentence].

From the above recitation, it is clear that th[e trial c]ourt placed adequate reasons on the record for imposing an aggravated range sentence. This was the [Appellant]'s eighth felony conviction. He has been consistently committing criminal offenses for a period of thirty-eight years. His criminal activity ceases only when incarcerated. Based on his criminal history, it is clear that the factors set forth in 42 Pa.C.S. § 9721(b) - i.e. the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs, and the sentencing guidelines, warranted the sentence imposed.

[Appellant]'s assertion that th[e trial c]ourt abused its discretion in light of the mitigating evidence presented is likewise without merit. The evidence [Appellant] relies upon - i.e. his age, his family and his health does nothing to mitigate [Appellant]'s conduct. He has continued to commit

crime throughout his lifetime despite the needs of his family. His self-reported medical condition has not prevented him from working when he chooses to do so. He has disregarded the needs of his family for thirty-eight years and cannot now rely on them to mitigate his continued criminal conduct.

Trial Court Opinion, 1/12/16, at 3 (footnotes omitted).

Upon careful review, we conclude the trial court did not abuse its discretion. The foregoing clearly demonstrates that the trial court was aware of, and considered, all of the mitigating circumstances. The trial court acknowledged it was going beyond the standard sentencing guideline recommendations by imposing a sentence in the aggravated range and noted its reasons for doing so on the record. N.T., 9/29/15, at 13-16. Accordingly, we conclude that the trial court considered the mitigating factors but determined they were outweighed by Appellant's extensive criminal history and inability to reform his conduct. *See Commonwealth v. Bowen*, 975 A.2d 1120, 1127 (Pa. Super. 2009) (holding Appellant's "recidivist history" was a permissible factor "in imposing an aggravated-range sentence[]"). Therefore, the trial court did not abuse its discretion in sentencing Appellant in this case. *See Gonzalez*, *supra*.

Based on the foregoing, we conclude the trial court did not abuse its discretion in sentencing Appellant. Therefore, we affirm the September 29, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/6/2016</u>