J-S36011-16

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KRISTALYNN N. SIERRA | |
| Appellant | No. 1568 MDA 2015 |

Appeal from the Judgment of Sentence June 12, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002114-2015

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 11, 2016**

Appellant, Kristalynn N. Sierra, appeals from the June 12, 2015, aggregate judgment of sentence of one to two years' imprisonment imposed after entering an open guilty plea to one count each of escape and criminal mischief.[1]  After careful review, we affirm.

The trial court has set forth the relevant factual history as follows.

> Appellant had a prior docket and had been sentenced to a probationary sentence.  While in between residences, Appellant stayed with an ex-boyfriend.  He attempted to rape her after which she cut off her ankle monitor.  She had previously been accepted into the Mental Health Program, but was

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 5121(a) and 3304(a)(2).

kicked out of it due to her escape charges and was revoked on her prior docket.

Appellant was picked up after cutting her ankle monitor by her Probation Officer, Maria Slabonik. Slabonik testified that the day she picked up Appellant was "pure hell." Per Slabonik, Appellant fought them in the ambulance; at the hospital she spit on and punched a security guard. Further, Appellant seemed to recall doing all of this the following day, despite being off her medications and taking synthetic marijuana.

Appellant does suffer from a variety of mental health disorders, bipolar disorder, ADHD and schizoaffective disorder. While she was incarcerated awaiting her revocation, she did participate in several classes at Dauphin County Prison and was working towards getting her GED.

She was specifically ordered to be incarcerated at Muncy for drug, alcohol and most importantly, mental health counseling.

Trial Court Opinion, 10/26/15, at 2-3 (citations omitted).

On May 26, 2015, Appellant entered an open guilty plea in the trial court following a plea colloquy. On June 12, 2015, the trial court sentenced Appellant to an aggregate term of one to two years' imprisonment.[2] On June 22, 2015, Appellant filed a timely post-sentence motion, and on August

_____

[2] Appellant's sentence is consecutive to the revocation sentence imposed at docket CP-22-CR-6328-2013 which Appellant has not challenged in the instant appeal.

13, 2015, Appellant's motion was denied. On September 14, 2015, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following issue for our review.

> Whether the trial court abused its discretion when it denied Appellant's post-sentence motion to modify sentence where the sentence imposed is excessive in light of the gravity of the offense, the Appellant's rehabilitative needs, and what is necessary to protect the public?

Appellant's Brief at 5.

Appellant's sole issue on appeal pertains to the discretionary aspects of her sentence.[4] "There is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant makes an

---

[3] We observe that the 30th day fell on Saturday, September 12, 2015. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely notice of appeal was on Monday, September 14, 2015. As a result, we deem her appeal timely filed. We also note that Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[4] Generally, our cases state that "by entering a guilty plea, the defendant waives [her] right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). However, our cases also hold that the entry of an open guilty plea does not waive the discretionary aspects of the sentence "because there was no agreement as to the sentence Appellant would receive." *Commonwealth v. Hill*, 66 A.3d 365, 367 (Pa. Super. 2013) (citation omitted).

argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Id.*** (citation omitted).

Instantly, Appellant filed a timely post-sentence motion and notice of appeal. Also, Appellant's brief includes a Rule 2119(f) statement.

Appellant's Brief at 8. We therefore proceed to address whether Appellant has raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citations omitted).

Instantly, Appellant asserts her sentence is "excessive and unreasonable in light of the gravity of the offense, Appellant's rehabilitative needs, and what is necessary to protect the public." Appellant's Brief at 14. Specifically, Appellant acknowledges her drug and alcohol abuse and asserts she would be able to continue the programs she has utilized to try and rehabilitate herself. ***Id.*** Appellant also argues that she "was able to maintain a job while she was on probation, and allowing her to continue her employment, as well as finish her GED, and … [to] take care of her mother will make Appellant a more productive member of society." ***Id.*** at 15.

This Court has long recognized that "an allegation that a sentencing court … did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth***

- 5 -

***v. Johnson***, 961 A.2d 877, 880 (Pa. Super. 2008), *appeal denied*, 968 A.2d 1280 (Pa. 2009); ***see also Commonwealth v. Bullock***, 868 A.2d 516, 529 (Pa. Super. 2005), *affirmed*, 913 A.2d 207 (Pa. 2006), *cert. denied*, 550 U.S. 941 (2007).  This Court has held that an argument that the trial court failed to consider certain mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. ***Commonwealth v. Ratushny***, 17 A.3d 1269, 1273 (Pa. Super. 2011); ***accord Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010). Consequently, Appellant has failed to a raise a substantial question for our review.  ***See Edwards***, *supra*.

Based on the foregoing, we conclude the trial court did not abuse its discretion in sentencing Appellant.  Therefore, we affirm the June 12, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/2016

- 6 -