J-S15002-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　 :
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
SAMUEL DESOTO JONES　　　　　　　 :
　　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　　　:　　No. 1648 WDA 2017

Appeal from the Judgment of Sentence October 5, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014306-2010

BEFORE:　　GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:　　　　　　　　　　FILED APRIL 15, 2019

Appellant, Samuel Desoto Jones, appeals from the judgment of sentence of one to two years of confinement followed by three months of probation, which was imposed after the revocation of his initial sentence of probation for indecent assault – person unconscious.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  See Trial Court Opinion, filed July 18, 2018, at 1-3.  Therefore, we have no reason to restate them at length here.

For the convenience of the reader, we briefly note that, on October 19, 2011, Appellant pleaded guilty to the aforementioned charge.  At his

_____

[1] 18 Pa.C.S. § 3126(a)(4).

*　　Retired Senior Judge assigned to the Superior Court.

sentencing hearing on January 19, 2012, Appellant expressed remorse, and the victim testified about the significant impact of Appellant's assault upon her but also asked that Appellant should receive "guidance" and "help[.]" N.T., 1/19/2012, at 4, 11. The trial court sentenced Appellant to five years of probation with a concurrent six months of county intermediate punishment and ordered Appellant to receive drug, alcohol, and mental health evaluations. Id. at 14. Appellant "was also required to comply with a registration period of 10 years under Megan's Law." Trial Court Opinion, filed July 18, 2018, at 2.

Between 2012 and 2015, Appellant violated his probation three times and was re-sentenced each time. On October 5, 2017, at his fourth probation violation hearing, Appellant's probation officer testified that, since 2012, Appellant had been discharged three times from mental health and sex offender treatment, has "continually tested positive for drugs," and "continually had reporting issues." N.T., 10/5/2017, at 3-4. "[T]he Probation Officer testified that on February 6, 2017[, Appellant] plead guilty to two counts of failure to comply with registration of sexual offenders at [Docket Number CP-02-CR-07973-2016] and was sentenced to 9 to 18 months [of confinement] and 2 years [of] probation." Trial Court Opinion, filed July 18, 2018, at 2 (citing N.T., 10/5/2017, at 2-3). The probation officer concluded that Appellant "does well in jail. He doesn't do well in the community." N.T., 10/5/2017, at 7. The trial court found that Appellant had violated his

probation for the fourth time and resentenced him to one to two years of confinement followed by three months of probation. Id. at 9.

On October 16, 2017, Appellant filed a timely post-sentence motion requesting modification of sentence, which the trial court denied. Appellant filed this timely appeal on November 3, 2017.[2]

Appellant raises the following issue for our review:

> In revoking [Appellant's] probation and re–sentencing him to 1-2 years' state incarceration, whether the trial court abused its sentencing discretion by ignoring the gravity of [Appellant's] offense as it related to the impact on the life of the victim and on the community, and the rehabilitative needs of [Appellant], in violation of 42 Pa.C.S.A. § 9721(b)?

Appellant's Brief at 5.

Appellant's sole issue on appeal concerns the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

_____

[2] After being granted multiple continuances, Appellant filed his statement of errors complained of on appeal on April 6, 2018. The trial court entered its opinion on July 18, 2018.

- 3 -

Commonwealth v. Manivannan, 186 A.3d 472, 489 (Pa. Super. 2018) (emphasis added) (quotation marks and some citations omitted), reargument denied (July 7, 2018).

In the current matter, Appellant filed a timely notice of appeal, properly preserved his challenge in a post-sentence motion requesting modification of sentence, and included a separate section in his brief pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 19-26.

For the final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "we cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists. It is settled that this Court does not accept bald assertions of sentencing errors." Commonwealth v. Radecki, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted).

The Rule 2119(f) statement in Appellant's brief quotes his post-sentence reconsideration motion that "the requirements of 42 Pa.C.S. 9721(b) were not met by the trial court's ignoring the rehabilitative needs of [Appellant.]" Appellant's Brief at 24 (internal brackets omitted) (quoting Post-sentence Motion Requesting Modification of Sentence, 10/16/2017, at ¶ 2(1)). The Rule 2119(f) statement continues: "Section 9721(b) requires the trial court to duly consider the defendant's character, personal history, and rehabilitative needs prior to imposing sentence." Id. at 25 (emphasis in original).

- 4 -

Section 9721(b) requires the sentencing court to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Appellant's Rule 2119(f) statement therefore raises a substantial question. See Commonwealth v. Buterbaugh, 91 A.3d 1247, 1266 (Pa. Super. 2014) (en banc) ("[a]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question" (citation omitted)).

Additionally, an allegation that the sentencing court failed to consider an appellant's rehabilitative needs constitutes a substantial question, when presented in conjunction with other relevant factors. See, e.g., Commonwealth v. Luketic, 162 A.3d 1149, 1160-61 (Pa. Super. 2017); Commonwealth v. Swope, 123 A.3d 333, 340 (Pa. Super. 2015) (claim that failure to consider rehabilitative needs and mitigating factors raised a substantial question); see also, e.g., Commonwealth v. Dodge, 77 A.3d 1263, 1273 (Pa. Super. 2013) (claim that sentencing court disregarded rehabilitation and the nature and circumstances of the offense raised a substantial question); Commonwealth v. Hill, 66 A.3d 365 (Pa. Super. 2013) (claim that sentence was inconsistent with the protection of the public and with appellant's rehabilitative needs raised a substantial question). In the current action, the Rule 2119(f) statement pleads that the trial court did not

consider Appellant's rehabilitative needs, along with not considering his character or personal history. Appellant's Brief at 25. For these reasons, we conclude that Appellant has raised a substantial question with respect to the discretionary aspects of sentencing, and we can proceed to the merit of Appellant's sole claim on appeal.

Our standard of review for challenges to the discretionary aspects of sentencing is:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Conte, 198 A.3d 1169, 1176 (Pa. Super. 2018) (citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Randal B. Todd, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of Appellant's issue, articulating its consideration of Appellant's character, personal history, and rehabilitative needs, and of the impact of his offenses on the community and the victim. See Trial Court Opinion, filed July 18, 2018, at 3–5 (finding: "As it pertains to the impact of the offense on the victim, the victim testified at length at the original hearing on January 19, 2012 concerning the significant

impact of [Appellant]'s assault upon her"; however, as Appellant showed remorse at his initial sentencing and as "the victim expressed that [Appellant] should receive treatment," Appellant was "afforded" an "opportunity" to rehabilitate through intermediate punishment, probation, and drug, alcohol, and mental health evaluations; nevertheless, by the time of his fourth probation revocation, Appellant had "not responded to the opportunity"; Appellant's probation officer had summarized his character as, "'He does well in jail. He doesn't do well in the community'"; Appellant's "refusal to comply with the registration requirements as a sex offender and the impact of that on the community as a whole supports the sentence"). Accordingly, we affirm on the basis of the trial court's opinion. The parties are instructed to attach the opinion of the trial court dated July 18, 2018, in any filings referencing this Court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2019

- 7 -

# Allegheny County - Department of Court Records
## Criminal Division - Filings Information

**County caseID:CP-02-CR-0014306-2010 (OPINION)**
**Case Description: COMMONWEALTH OF PENNSYLVANIA v. LNAME JONES**
**Official Docket Entry, Sort By Document Number Ascending**

| Document Number | Title/Entry | Filing Date |
|---|---|---|
| 1 | OPINION | 07/18/2018 |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

v.

SAMUEL D. JONES, III,

        Defendant

CRIMINAL DIVISION

NO:   CC201014306

**OPINION**

JUDGE RANDAL B. TODD

COPIES SENT TO:

Counsel of Record for the
Commonwealth of Pennsylvania

Stephen A. Zappala, Jr.
District Attorney

      By

Michael W. Streily, Esquire
Assistant District Attorney
401 Courthouse
Pittsburgh, PA 15219

Counsel of Record for Defendant:

Julia Zebley, Esquire
Office of Public Defender
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA 15219

Samuel D. Jones, III, Defendant
#20415
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

ORIGINAL
Criminal Division
Dept. Of Court Records
Allegheny County, PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF ) CRIMINAL DIVISION
PENNSYLVANIA )
) NO: CC201014306
v. )
)
SAMUEL D. JONES, III )
)
Defendant )

TODD, J.

July 18, 2018

## OPINION

This is an appeal by Defendant, Samuel S. Jones, III, after he was sentenced at a

probation violation hearing on October 5, 2017 to 12 to 24 months incarceration and three

months probation. Defendant filed a Motion for Reconsideration of Sentence on October 13,

2017. On October 23, 2017 an order was entered denying Defendant's motion. On November 3,

2017 Defendant filed a Notice of Appeal to the Superior Court. On November 3, 2017 an order

was entered directing Defendant to file a Concise Statement of Matters Complained of on Appeal

pursuant to Pa.R.A.P. 1925(b). Thereafter, orders were entered on November 30, 2017,

February 1, 2018, March 27, 2018 granting Defendant's Motions for Extension of Time to File

Concise Statement. On April 6, 2018 Defendant filed his Concise Statement of Matters

Complained of on Appeal setting forth the following:

"1. In revoking Mr. Jones's probation and resentencing him, in the aggregate, to 1-2 years' total state confinement, the trial court abused its discretion by ignoring the gravity of Mr. Jones's offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of Mr. Jones."

1

**BACKGROUND:**

This matter arises out of Petitioner's arrest on September 19, 2010 after which he was charged with one count of Indecent Assault Person Unconscious in violation of 18 Pa.C.S.A. § 3126(a)(4); one count of Unlawful Restraint/Serious Bodily Injury in violation of 18 Pa.C.S.A. § 2902 (a)(1); and, Indecent Exposure in violation of 18 Pa.C.S.A. § 3127 (a). On October 19, 2011 Petitioner pled guilty to the one count of Indecent Assault Person Unconscious, a misdemeanor of the first degree. The remaining charges were withdrawn. On January 19, 2012 Petitioner was sentenced to 5 years probation and 6 months county intermediate punishment as well as drug, alcohol and mental health evaluations. Petitioner was also required to comply with a registration period of 10 years under Megan's Law.

At a probation violation hearing on October 5, 2017 the Probation Officer testified that on February 6, 2017 Petitioner plead guilty to two counts of failure to comply with registration of sexual offenders at CC201607973 and was sentenced to 9 to 18 months and 2 years probation. (T., pp. 2-3) The Probation Officer also testified that in regards to Defendant's probation supervision, "nothing positive can be said on behalf of the Defendant." (T., p. 3) The Probation Officer noted that Defendant appeared on May 20, 2015 for a Gagnon II hearing at which time no action was taken and he was released to JRS services and was eventually released on June 10, 2015. The Probation Officer further testified that Defendant reported sporadically thereafter and only when prompted by the probation office and that he ceased reporting December 10, 2015. (T., p.3) The Probation Officer also noted that Petitioner underwent mental health/sex offender treatment with Essex House from which he was discharged on February 4, 2016 and that the Probation Officer made referrals to the employment center for Defendant for a job search and he

2

was discharged due to his attendance. (T., p. 3)  Further, that due to all the violations a Gagnon I violation was submitted, however, Defendant did not appear.  Probation warrants were issued and Defendant was arrested.  (T., p. 4)

The Probation Officer testified that since the imposition of probation in 2012 Defendant has never been compliant.  (T., p. 4)  He has been discharged from JR Services on two occasions.  He was discharged from mental health/sex offender treatment on three occasions.  He continually tested positive for drugs and continually had reporting issues and since the imposition of probation in 2012 he has never been compliant.  (T., p. 4)  The Probation Officer recommended that Defendant be sentenced to a state length period of incarceration.  (T., p. 4)

Counsel for Defendant indicated that the Presentence Report was reviewed and there were no additions or corrections. (T, p. 5)  Counsel for Defendant argued that since his incarceration in June of 2016 he had joined the drug and alcohol pod;  renewed his connection to JRS; and, developed a plan for him to go to a 3/4 house with continued outpatient treatment.  It was also noted that Petitioner had a telemarketing job.  (T., p. 5)

Petitioner testified that he either did appropriately register as a sex offender or was unable to register because of his incarceration or because of circumstances related to the death of his father.  (T., pp. 7-8)  In sentencing Defendant to the state sentence of 12 to 24 months, it was noted that , "This has been a problem case for a long time."  (T., p. 9)

**DISCUSSION:**

In his Concise Statement Defendant asserts that it was an abuse of discretion in imposing the sentence because it ignored the gravity of the offense as it relates to the impact on the life of the victim and the community and the rehabilitative needs of Defendant.  As it pertains to the impact of the offense on the victim, the victim testified at length at the original sentencing

3

hearing on January 19, 2012 concerning the significant impact of Defendant's assault upon her. She testified that as an educator she had participated in training and seminars regarding what to do if a child reports to a teacher that they have been a victim of sexual assault. She testified that, however, that even with this knowledge:

> "What I did not know how to handle was when the victim of the sexual assault was me. I'm here today to share my story and what I went through as I dealt with, and continue to deal with, such a traumatic, life altering experience." (T., 1/19/12, p. 6)

The victim testified to her embarrassment, anger, distress, sadness, fear and anxiety. She described her feelings of be violated physically, mentally and emotionally and that Petitioner's conduct, "stripped me of the fully functioning human being that I once was." (T., p. 8) She testified concerning the emotional "roller coaster" that she had been on and described that she was "unable to go through an entire day without bursting into tears." (T., p. 8) She concluded by testifying:

> "For a person to do this type of thing to a complete stranger, there is something inside of them that is not well and is crying out for guidance; and I hope that he gets it with the help of God." (T., p. 10)

It was noted at the sentencing that as Defendant had shown remorse and the victim expressed that Defendant should receive treatment, that a period of intermediate punishment and probation with drug and alcohol and mental health evaluations would be an appropriate sentence. (T., pp. 13-14) However, at the time of the hearing on October 5, 2017 the evidence established that Petitioner has not responded to the opportunity afforded him by the intermediate punishment and probation imposed at the initial sentencing. As noted by the Probation Officer, "He does well in jail. He doesn't do well in the community." (T., p. 7) In addition, to the extent that Defendant asserts that the sentence did not take into account the impact of the crime on the victim and the community, it is clear from the testimony of the victim that Defendant's actions

4

had a serious impact on the victim. Furthermore, Defendant's refusal to comply with the registration requirements as a sex offender and the impact of that on the community as a whole supports the sentence and, therefore, there was no abuse of discretion in the sentence imposed.

BY THE COURT:

_____ J.

5