J-S45042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT W BOLDEN | : | |
| | : | |
| Appellant | : | No. 197 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 15, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004214-2018

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED AUGUST 16, 2019**

Robert W. Bolden (Bolden) appeals from the judgment of sentence[1] imposed by the Court of Common Pleas of Bucks County (trial court) after his guilty plea to three counts of Driving Under the Influence (DUI)—Second Offense, and one count of Driving Vehicle at Unsafe Speed.  We affirm.

We take the following factual background and procedural history from the trial court's March 1, 2019 opinion and our review of the certified record. On November 15, 2018, Bolden pleaded guilty to the above charges.  He

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Bolden purports to appeal from the denial of his post-sentence motion. "However, a direct appeal in a criminal case can only lie from the judgment of sentence." **Commonwealth v. Lawrence**, 99 A.3d 116, 117 n. 1 (Pa. Super. 2014), *appeal denied*, 114 A.3d 416 (Pa. 2015) (citation omitted).  We have amended the caption accordingly.

admitted that on the morning of June 1, 2018, he was driving under the influence of a high dose of the prescribed medication Lorazepam when he was involved in a minor collision with another vehicle. (*See* N.T. Guilty Plea and Sentencing, 11/15/18, at 7). In making his guilty plea, Bolden acknowledged that he understood that because this was his second DUI, he faced a maximum penalty of five years' incarceration. (*See id.* at 12). He also acknowledged that the recommended mitigated range based on his prior record score was a minimum of period of three months' incarceration, the standard range was six to sixteen months, the aggravated range was nineteen months' minimum and he faced a mandatory minimum sentence of ninety days' incarceration. (*See id.* at 12-13).

On a single count of the DUI-Controlled Substance Schedule II or III-Second Offense, the trial court sentenced him to a term of incarceration of not less than seven months and fifteen days nor more than twenty-three months and fifteen days, plus restitution and fees. (*See id.* at 27). The trial court did not impose any further penalties on the remaining charges.

On November 21, 2018, Bolden filed a Motion to Modify and Reconsider Sentence in which he maintained that he wished to exercise his right of allocution with regard to medical issues, reduce the length of his sentence, and be considered for intermediate punishment and that the sentence was not appropriate or necessary for his rehabilitation and the community's safety. (*See* Motion to Modify and Reduce Sentence, 11/21/18). At the hearing,

Bolden testified about mitigating factors, including his medical, military and family histories. (**See** Reconsideration of Sentence, 12/18/18, at 12-17, 19-23). The trial court denied the motion and he timely appealed. He and the trial court complied with Rule 1925. **See** Pa.R.A.P. 1925.

Bolden maintains that the court abused its discretion in sentencing him to a manifestly excessive and unjust sentence when it failed to consider mitigating factors, his rehabilitative needs, and community safety. (**See** Bolden's Brief, at 9-12).

Bolden's issue challenges the discretionary aspects of his sentence. It is well-settled that "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa. Super. 2016) (citation omitted). An appellant must invoke this Court's jurisdiction by filing a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; raising the issue in a post-sentence motion or at sentencing, **see** Pa.R.Crim.P. 720; and including a Rule 2119(f) statement in his brief that raises a substantial question. **See Bynum-Hamilton**, **supra** at 184.

When explaining the substantial question requirement, this Court has said:

> [T]he appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement

- 3 -

> to determine whether a substantial question exists. Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits.

***Commonwealth v. Hill***, 66 A.3d 365, 368 (Pa. Super. 2013) (citations omitted) (emphases in original).

In this case, Bolden has included a Rule 2119(f) statement in his brief. (**See** Bolden's Brief, at 8-9). In it, he sets forth boilerplate law about the need to raise a substantial question, what the guideline sentences were in his case, that he was sentenced in the standard range, and that his post-sentence motion was denied. (**See id.**). However, the statement fails to make any argument that claims that his sentence is inappropriate under the Sentencing Code or that it violates a fundamental norm underlying the sentencing scheme. **See Hill**, **supra** at 368; **see also Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002) (noting that in the Rule 2119(f) statement, an appellant must articulate "the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process."). Therefore, Bolden's Rule 2119(f) statement fails to raise a substantial question. Moreover, even if it did raise such a question, Bolden's claim would lack merit.[2]

_____

[2] "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse

Bolden argues that the trial court "imposed a sentence above what was appropriate by not considering mitigating factors[]" such as his prior military service, participation in Alcoholics Anonymous, unfortunate family and medical history, and good conduct while incarcerated.[3] (Bolden's Brief, at 11).[4]

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation.

---

of discretion." **Commonwealth v. Edwards**, 194 A.3d 625, 637 (Pa. Super. 2018), *appeal denied*, 202 A.3d 41 (Pa. 2019) (citation omitted).

[3] This issue also is waived for Bolden's failure to raise it at sentencing or include it in his post-sentence motion. **See Bynum-Hamilton**, **supra** at 184. Although Bolden filed a post-sentence motion, it did not challenge the discretionary aspects of his sentence. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, 972 A.2d 521 (Pa. 2009) ("[F]or any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court.") (citation omitted).

[4] He also claims that the court impermissibly considered his prior arrests, factors already considered by the sentencing guidelines and the calculation of his prior record score. (**See** Bolden's Brief, at 12). However, this issue is waived for Bolden's failure to raise it in either his post-sentence motion or his Rule 1925(b) statement. **See** Pa.R.Crim.P. 720; Pa.R.A.P. 1925(b)(4)(vii). Moreover, it would lack merit because, while the court did consider Bolden's criminal history as a factor in imposing its sentence, this was permissible. **See Commonwealth v. Rush**, 162 A.3d 530, 545 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1049 (Pa. 2017) ("[A] trial court may use prior conviction history and other factors already included in the guidelines if, they are used to supplement other extraneous sentencing information.") (emphasis, citation, and internal quotation marks omitted); **see also Hill**, **infra** at *9 ("When imposing a sentence, a court is required to consider . . . defendant's prior criminal record[.]").

*Commonwealth v. Hill*, ____ A.3d ____, 2019 WL 2204340, at *9 (Pa. Super.

filed May 22, 2019) (quotation marks and citations omitted).

Here, the trial court explained:

> While we accepted Bolden's guilty plea, this court observed a general lack of remorse in Bolden for his previous conduct. . . . While we appreciate that Bolden has experienced unfortunate circumstances in his life, we nevertheless concluded that his prior record coupled with an apparent inability to express remorse, accept complete responsibility for his conduct and reform his behavior outweigh whatever mitigation could be attributed to those unfortunate circumstances. We observed that this was "a case that could have justified being in the aggravated range" and sentenced Bolden to the appropriate standard range. (N.T. Guilty Plea and Sentencing, at 27).

> \* \* \*

> While we are sensitive to Bolden's claims of poor health and his service of two tours of duty in [Vietnam], . . . we also noted that Bolden has been involved with Alcoholics Anonymous. We therefore determined that Bolden's prescription drugs were not the only problem he has, and concluded that there was insufficient evidence to suggest that this court should have considered the mitigated range for Bolden's sentencing. . . . It is precisely because of our concerns for the safety of the community and our belief that Bolden needs additional incentive to reform his conduct while remaining sensitive to his unfortunate circumstances that we sentenced him to the standard range of incarceration.

(Trial Court Opinion, 3/01/19, at 4-6) (record citation formatting provided;

unnecessary capitalization omitted).

Based on the trial court's foregoing explanation and our independent

review of the record, we discern no manifest abuse of discretion in its decision

to sentence Bolden in the standard rather than the mitigated range. *See*

*Edwards*, *supra* at 637; *see also Hill*, *supra* at *9 ("[W]here a sentence is

within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.") (citation omitted). Hence, Bolden's issue lacks merit and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/19