J-A27014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YASSIR GAYLE | : | |
| | : | |
| Appellant | : | No. 77 EDA 2021 |

Appeal from the Order Entered November 6, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003418-2012

BEFORE: PANELLA, P.J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.: **FILED FEBRUARY 03, 2022**

Yassir Gayle appeals from the order denying, without an evidentiary hearing, his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), *see* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On January 10, 2012, at approximately 7:00 p.m., Philadelphia Police Officers Christopher Culver and Don Williams were patrolling the 2800 block of Ruth Street in Philadelphia when "an unidentified white female" approached them and said she had been robbed. *See* Trial Court Opinion, 7/8/16, at 2-3. The woman identified a silver Chevrolet Impala with tinted windows that was driving away from the area. *See id.* at 2. During the pursuit, Gayle leaned out of the front passenger-side window of the Impala and fired a gun toward the police cruiser twice. *See id.* at 3. Gayle and another passenger exited the car to flee on foot and attempted to hide two guns beneath a parked car. *See id.*

The officers approached the men, and during the ensuing struggle, a gun fell from Gayle's body. **See id.** The driver of the Impala was also apprehended.

Following a jury trial,[1] Gayle was convicted of two counts of aggravated assault and one count each of criminal conspiracy, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia and fleeing or attempting to elude a police officer. The trial court sentenced Gayle to an aggregate term of 20-40 years in prison, with credit for time served, followed by 19 years of probation. Gayle filed a post-sentence motion, as well as a motion for reconsideration asserting that the trial court imposed an excessive sentence and failed to explain its reasons for deviating from the sentencing guidelines. The trial court denied Gayle's motions. This Court subsequently affirmed Gayle's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on April 17, 2018.

On July 15, 2019, Gayle filed the instant timely, counseled PCRA petition. The Commonwealth filed a motion to dismiss. After Gayle filed a supplemental memorandum of law in support of his PCRA petition, the Commonwealth filed a letter brief, renewing its assertion that Gayle's claims are without merit. On September 24, 2020, the PCRA court issued notice of its intention to deny Gayle's petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907.

---

[1] Gayle was tried jointly with his two co-defendants, who are not parties to the instant appeal.

On November 6, 2020, the PCRA court denied Gayle's petition. This appeal followed.[2] Gayle's PCRA counsel subsequently filed a motion to withdraw as counsel, which the PCRA court granted. The PCRA court appointed Gayle counsel and directed Gayle to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. After receiving an extension of time, substitute counsel filed a Rule 1925(b) concise statement on Gayle's behalf.

---

[2] On October 26, 2020, Gayle filed a *pro se* notice of appeal, purportedly from an order denying his petition, dated October 14, 2020. The PCRA court filed a letter with this Court on February 9, 2021, acknowledging that Gayle's *pro se* notice of appeal was prematurely filed, but stating that "the Office of Judicial Records/Clerk of Courts neither informed [the PCRA] court of this appeal, docketed the appeal, nor transmitted the appeal to the Superior Court until nearly two months later on December 21, 2021." Judge Lane Letter, 2/9/21, at 1 (unnumbered); **see also** PCRA Court Opinion, 4/7/21, at 4-5 n.5 (treating Gayle's appeal as perfected as of November 6, 2020, when the court denied Gayle's PCRA petition); Pa.R.A.P. 905(a)(5) (providing that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

On July 12, 2021, this Court issued a rule to show cause why the appeal should not be quashed as taken from an order not entered on the docket. In response, Gayle referred to the PCRA court's statements in its opinion. Further, Gayle's counsel acknowledged that Gayle filed a *pro se* notice of appeal while represented by counsel, in violation of the rule against hybrid representation. Gayle's counsel stated that Gayle's PCRA counsel had failed to file a notice of appeal following entry of the final order, but Gayle's intention to appeal was nevertheless clear. This Court subsequently discharged the rule to show cause and referred the issue to the merits panel. In light of the PCRA court's indication that the procedural defects in the filing of Gayle's notice of appeal can largely be attributed to a breakdown in court procedures, we will consider Gayle's appeal as properly filed from the November 6, 2020 order denying his PCRA petition. We have amended the caption accordingly.

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa. Super. 2017). In making this determination, we review the record in the light most favorable to the prevailing party. ***See Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012). If our review reveals support for the PCRA court's factual findings, we may not disturb them. ***See Commonwealth v. Diaz***, 183 A.3d 417, 422 (Pa. Super. 2018). Further, regarding a PCRA's court decision to deny relief absent an evidentiary hearing, "such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Commonwealth v. Maddrey***, 205 A.3d 323, 327 (Pa. Super. 2019) (citation omitted); ***see also Commonwealth v. Paddy***, 15 A.3d 431, 467 (Pa. 2011) (explaining that when a PCRA court does not conduct an evidentiary hearing, an appellant must establish that he raised an issue of material fact which would entitle him to relief if resolved in his favor).

On appeal, Gayle identifies two ineffective assistance of counsel claims. Preliminarily, we presume that counsel is effective, and the appellant bears the burden of proving otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate that: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's

- 4 -

interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. ***See Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa. Super. 2016) (citation omitted).

In his first claim, Gayle argues that appellate counsel was ineffective for failing to challenge the admission of testimony regarding the "unidentified white female's" statements to police that she had been robbed. ***See*** Appellant's Brief at 15. Gayle claims that the woman's statements and identification of the Impala constituted hearsay, and his due process rights were violated because he was unable to confront the woman through cross-examination. ***See id.*** at 15, 21-22. Specifically, Gayle points to Officer Culver's testimony that the woman told the officers, "I was just robbed. They just robbed me, in the silver car." ***Id.*** at 20 (citing N.T., Jury Trial, 6/3/15, at 29). According to Gayle, the PCRA court incorrectly concluded that the statement was not offered for its truth, *and* that it was admissible under the excited utterance exception to the rule against hearsay. ***See id.*** at 20-21. Gayle argues that the trial court should have limited the evidence to exclude the woman's allegations that she had been robbed. ***See id.*** at 21, 23.

Hearsay is defined as an out-of-court statement offered at trial to prove the truth of the matter asserted. ***See*** Pa.R.E. 801(c). Generally, hearsay is

inadmissible unless it falls within an exception to the hearsay rule. **See** Pa.R.E. 802. However, "sometimes, out-of-court statements are offered not to prove the truth of the matter asserted but, for example, to explain the course of conduct undertaken by an investigating police officer. Such statements are not hearsay." **Commonwealth v. Manivannan**, 186 A.3d 472, 482-83 (Pa. Super. 2018) (citation, quotation marks and brackets omitted).

During trial, Officer Culver testified about his conversation with the woman:

> We were traveling – actually, we were traveling southbound on Ruth Street – I believe it was the 2800 block of Ruth. We came out to Somerset Street where a white lady was flailing her arms and came running towards our car.
>
> So Officer Williams rolled down his window, stated, "Hey, what's going on?" She said, "I was just robbed. I was just robbed. They just robbed me, in the silver car." She pointed westbound towards Kensington.

N.T., Jury Trial, 6/3/15, at 30. Immediately thereafter, the trial court instructed the jury that "the testimony that you are hearing now regarding the woman is not offered for the truth; it's offered to explain the actions of the police officers." **Id.** at 31. Officer Culver then stated that, based on this information, he began driving westbound and pursued the vehicle the woman had identified. **See id.** at 31-32.

The challenged testimony was not offered at trial to prove the truth of the woman's statement, *i.e.*, that Gayle and his co-defendants robbed her.[3] Rather, as the PCRA court noted, the statement "provide[d] a useful factual link between (a) the officers peacefully patrolling the area of 2800 Ruth Street and (b) abruptly chasing three violent suspects through the streets of Philadelphia." PCRA Court Opinion, 4/7/21, at 13. Further, the PCRA court concluded that the admission of this statement was not unduly prejudicial, particularly because Gayle was not charged with robbery. ***See id.*** at 14. The PCRA court's determinations are sound. Because Gayle's underlying claim lacks arguable merit, his first ineffectiveness claim fails.

In his second claim, Gayle contends that appellate counsel was ineffective for abandoning his challenge to the discretionary aspects of the sentence.[4] ***See*** Appellant's Brief at 25. Gayle argues that he had a meritorious claim that his sentence was excessive, where the trial court imposed consecutive, statutory maximum sentences that departed from the sentencing

---

[3] Contrary to Gayle's assertion, the PCRA court did not simultaneously conclude that Officer Culvert's testimony regarding the woman's statement was not hearsay and that it qualified as an excited utterance. Rather, the PCRA court stated in a footnote that *even if* the statement had been offered for its truth, it would be admissible under the excited utterance exception. ***See*** PCRA Court Opinion, 4/7/21, at 13 n.7.

[4] Our review confirms that Gayle's discretionary sentencing claim was preserved in a timely post-sentence motion to reconsider sentence and the Rule 1925(b) concise statement filed with his direct appeal. However, Gayle pursued only a sufficiency challenge during his direct appeal.

guidelines. *See id.* at 25-26. According to Gayle, appellate counsel could have no reasonable basis for abandoning a meritorious issue. *See id.* at 29. Gayle asserts that his sentence is greater than necessary for the protection of the public, and the seriousness of his offenses and his prior record score were adequately accounted for in the sentencing guidelines. *See id.* at 27, 29; *see also id.* at 28-29 (stating that his claims would present a substantial question for review). Gayle claims that his prison sentence is "far greater than what was necessary to protect the public[.]" *Id.* at 27. Gayle also highlights his familial support at the sentencing hearing as a mitigating factor. *See id.* at 30.

Gayle's claim is cognizable under the PCRA. *See Commonwealth v. Sarvey*, 199 A.3d 436, 455 (Pa. Super. 2018). Further, Gayle's assertions raise a substantial question. *See id.* (stating that a claim that the imposition of consecutive sentences resulted in an unduly harsh and excessive aggregate sentence raises a substantial question); *see also Commonwealth v. Hill*, 66 A.3d 365, 368-69 (Pa. Super. 2013) (concluding that appellant raised a substantial question that his sentence was beyond the sentencing guidelines, excessive in light of his criminal conduct, and inconsistent with the protection of the public and his rehabilitative needs).

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citations and quotation marks omitted).

"Where an excessive sentence claim is based on deviation from the sentencing guidelines, we look for an indication that the sentencing court understood the suggested sentencing range." *Hill*, 66 A.3d at 370. Though a court must consider the sentencing guidelines, the guidelines are advisory and do not bind a sentencing court. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008).

> A court may depart from the guidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. When a court chooses to depart from the guidelines however, it must demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Further, the court must provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines.

*Id.* (internal citations and quotation marks omitted); *see also* 42 Pa.C.S.A. § 9721(b). On review, this Court will vacate and remand a sentence if "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3).

Instantly, Gayle characterizes his aggravated assault and conspiracy sentences as "an excessive upward departure from the sentencing guidelines

- 9 -

for aggravated assault and conspiracy[.]" Appellant's Brief at 25.[5] Gayle has

a prior record score of 2, and the offense gravity score for aggravated assault

is 10. The trial court applied the deadly weapon used enhancement, for which

the sentencing guidelines recommend a minimum sentence of 55-66 months,

plus or minus 12 months for aggravating or mitigating circumstances. *See*

204 Pa. Code § 303.17(b). The offense gravity score for conspiracy is 9, and

applying the deadly weapon used enhancement, the sentencing guidelines

recommend a minimum sentence of 42-54 months, plus or minus 12 months.

*See id.* The trial court imposed consecutive prison terms of 10 to 20 years for

the aggravated assault and conspiracy convictions. These sentences far

exceed the aggravated range of the sentencing guidelines.[6] Indeed, the trial

court imposed sentences which are nearly double even the aggravated range

of the guidelines for each offense and directed them to run consecutively to

one another.

In imposing this sentence, the court noted that it had taken into

consideration not only the arguments and testimony it had heard at the

---

[5] Because Gayle only identifies these sentences in his brief, and acknowledges the court's leniency in imposing probation on the remaining charges, we address only the portion of Gayle's sentence arising from his aggravated assault and conspiracy convictions.

[6] The sentences for aggravated assault and conspiracy, each graded as a felony of the first degree, are within the statutory maximum. *See* 18 Pa.C.S.A. § 1103(1) (setting forth a 20-year maximum sentence for a first-degree felony).

sentencing hearing, but also the pre-sentence investigation ("PSI"). *See* N.T., Sentencing, 8/10/15, at 51.

When a trial court has the benefit of a PSI, we must presume that it was aware of the sentencing factors it contained. ***See Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009). Here, there was and is no contention that the trial court was misinformed about the appropriate guideline ranges. Accordingly, there is no dispute that the court intentionally sentenced outside the guidelines.

The trial court also had the benefit of the Commonwealth's sentencing memo, argument from the parties, and testimony from members of Gayle's family. Specifically, the Commonwealth argued that the circumstances of this crime were different from the standard aggravated assault. While acknowledging that Gayle was not convicted of shooting at police officers,[7] the Commonwealth contended that the court should still consider that the evidence established that he had shot a gun at uniformed police officers. ***See*** N.T., Sentencing, 8/10/15, at 15. The Commonwealth further highlighted that Gayle fired these shots in a residential neighborhood, near schools, on a school night. ***See id.***, at 16. Further, the Commonwealth noted that this crime occurred within months of Gayle being discharged from juvenile supervision.

---

[7] Gayle was not charged with aggravated assault of a police officer. ***See*** N.T., Sentencing, 8/10/15, at 13.

- 11 -

*See id.*, at 18. As a result, the Commonwealth recommended a sentence of 20 to 40 years' incarceration. *See id.*, at 21.

Gayle's counsel argued vociferously against the Commonwealth's recommendation, and instead recommended a sentence of 10 to 20 years' incarceration. *See id.*, at 13-14.

Under these circumstances, we cannot conclude that Gayle has established the 20- to 40-year sentence was unreasonable. Gayle's conduct that resulted in his conviction created significant risks of severe injury not only for the police officers involved, but for the residents of the neighborhood. The trial court was within its discretion to conclude that this was not a stock standard aggravated assault case and find that the gravity of Gayle's conduct far exceeded the circumstances envisioned by the guidelines. As such, Gayle cannot establish that his underlying claim had arguable merit, and his argument on appeal merits no relief.

As neither of Gayle's arguments on appeal merit relief, we affirm the PCRA court's order denying Gayle relief under the PCRA.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* _2/3/2022_